BOERSCH & ILLOVSKY LLP
Martha Boersch (State Bar No. 126569)
martha@boersch-illovsky.com
Eugene Illovsky (State Bar No. 117892)
eugene@boersch-illovsky.com
Matthew Dirkes (State Bar No. 255215)
matt@boersch-illovsky.com
Kevin Calia (State Bar no. 227406)
kevin@boersch-illovsky.com
Sharon Frase (State Bar No. 282923)
sharon@boersch-illovsky.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

Attorneys for Defendant
Adam Bowen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 19-md-02913-WHO |
| | **DEFENDANT ADAM BOWEN'S ANSWER TO PLAINTIFF JAYME WESTFAUL'S SECOND AMENDED COMPLAINT (PERSONAL INJURY)** |
| THIS DOCUMENT RELATES TO: | |
| *Jayme Westfaul v. Juul Labs, Inc., et al.;* Case No. 3:20-cv-06865-WHO | |

1    Defendant Adam Bowen, by and through his undersigned counsel, hereby alleges for his

2    Answer to the allegations in the Second Amended Complaint filed by Plaintiff Jayme Westfaul

3    ("Complaint") as follows:

4    1.    Defendant Adam Bowen ("Bowen") admits Plaintiff Jayme Westfaul ("Plaintiff" or

5    "Westfaul") filed her original Complaint on October 2, 2020, and that Plaintiff purports to bring

6    claims against the Defendants, including Bowen.

7    2.    Bowen admits that nicotine is an addictive chemical and, except as expressly admitted,

8    denies the allegations in Paragraph 2.

9    3.    Bowen denies the allegations in Paragraph 3.

10    4.    Bowen denies the allegations in Paragraph 4.

11    5.    Bowen denies the allegations in Paragraph 5.

12    6.    Bowen denies the allegations in paragraph 6.

13    7.    Bowen denies the allegations in Paragraph 7.

14    8.    Bowen denies the allegations in Paragraph 8, except admits that some of the

15    allegations purport to quote or characterize statements by the U.S. Surgeon General.

16    9.    Bowen denies the allegations in Paragraph 9, except admits that in December 2018,

17    Altria Group, Inc. ("Altria") closed a $12.8 billion investment in JLI's business, representing a 35%

18    economic interest in the company, and admits that the Federal Trade Commission filed a complaint

19    against Altria and JLI in April  2020.

20    10.    Bowen denies the allegations in Paragraph 10.

21    11.    Bowen denies the allegations in Paragraph 11.

22    12.    Bowen denies the allegations in Paragraph 12, except lacks knowledge or information

23    sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age, residence, and the

24    timing, reasons and circumstances under which he started using and continued using JUUL products,

25    and on that basis denies them.

26    13.    Bowen admits that Ploom Inc. later became PAX Labs, Inc. and that PAX Labs, Inc.

27    split into two separate companies in 2017, and PAX Labs, Inc. was renamed Juul Labs, Inc.  Bowen

28

1                BOWEN ANSWER TO WESTFAUL
                 SECOND AMENDED COMPLAINT
                 Case No.: 19-md-02913-WHO

further admits that JLI is a Delaware corporation and that its principal place of business and headquarters is in Washington, D.C. and that PAX Labs, Inc. was incorporated in Delaware on April 21, 2017, and that its headquarters are in San Francisco, CA.  Except as expressly admitted, Bowen denies the allegations in Paragraph 13.

14.     Bowen admits that PAX Labs, Inc. is a prior name of Juul Labs, Inc. and that, in the first half of 2017, PAX Labs, Inc. spun off its operations related to the PAX loose-leaf and extract vaporizer devices business to a new business, separate from the business related to the JUUL-branded vaporizer devices and related accessories; the remaining entity with JUUL-branded vaporizer devices and related accessories renamed itself Juul Labs, Inc.  Except as expressly admitted, Bowen denies the allegations in Paragraph 14.

15.     Bowen admits in response to Paragraph 15 that the complaint purports to use "JLI" to refer to Juul Labs, Inc..

16.     To the extent the allegations in Paragraph 16 are directed to parties other than Bowen, they do not require any response from him.  To the extent a response is deemed necessary, Bowen avers on information and belief that Altria Group, Inc. is a Virginia corporation with its principal place of business in Virginia that Altria produces and markets tobacco products, that, in December 2018, Altria closed a $12.8 billion investment in JLI's business, representing a 35% economic interest in the company, and he admits that the allegations purport to characterize a "Services Agreement."  Except as expressly admitted, Bowen denies the allegations in Paragraph 16.

17.     To the extent the allegations in Paragraph 17 are directed to parties other than Bowen, they do not require any response from him.  To the extent a response is deemed necessary, Bowen admits that Philip Morris USA, Inc. manufactures and sells cigarettes and avers, on information and belief, that Philip Morris USA Inc. is a Virginia corporation with its principal place of business in Virginia.  Except as expressly admitted, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and on that basis denies them.

18.     To the extent the allegations in Paragraph 18 are directed to parties other than Bowen, they do not require any response from him.  To the extent a response is deemed necessary, Bowen

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

avers on information and belief that Altria Client Services LLC is a Virginia LLC that is owned by Altria Group, Inc.  Bowen further admits that some of the allegations purport to characterize certain "Statements of Work" and a "Services Agreement."  Except as expressly admitted, Bowen denies the allegations in Paragraph 18.

19.     To the extent the allegations in Paragraph 19 are directed to parties other than Bowen, they do not require any response from him.  To the extent a response is deemed necessary, Bowen avers on information and belief that Altria Group Distribution Company is a Virginia corporation with its principal place of business in Virginia.  Bowen further admits that some of the allegations purport to characterize certain "Statements of Work" and a "Services Agreement."  Except as expressly admitted, Bowen denies the allegations in Paragraph 19.

20.     To the extent the allegations in Paragraph 20 are directed to parties other than Bowen, they do not require any response from him.  To the extent a response is deemed necessary, Bowen avers on information and belief that Altria Enterprises LLC ("AE") is a Virginia company with its principal place of business in Virginia.  Bowen further admits that some of the allegations purport to characterize a purchase agreement.  Except as expressly admitted, Bowen denies the allegations in Paragraph 20.

21.     Bowen admits in response to Paragraph 21 that the complaint purports to use "ALTRIA DEFENDANTS" or "ALTRIA" to refer jointly to AGI, Philip Morris, ACS, AGDC.

22.     Bowen denies the allegations in Paragraph 22.

23.     Bowen admits in response to Paragraph 23 that the complaint purports to use "JUUL DEFENDANTS" to refer jointly to JLI and the ALTRIA DEFENDANTS.

24.     To the extent the allegations in Paragraph 24 are directed to parties other than Bowen, they do not require any response from him.  To the extent a response is deemed necessary, Bowen admits that he co-founded Ploom and that Monsees was CEO of JLI until approximately October 2015, served as Chief Product Officer, and has been on JLI's board of directors until around March 2020.  Except as expressly admitted, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and on that basis denies them.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25.     Bowen admits that he and James Monsees founded Ploom, Inc. in 2007, that he is a member of the JLI's Board of Directors, served as JLI's Chief Technology Officer until October 2019, and is a resident of the "San Francisco Bay Area." Except as expressly admitted, Bowen denies the allegations in Paragraph 25.

26.     To the extent the allegations in Paragraph 26 are directed to parties other than Bowen, they do not require any response from him.  To the extent a response is deemed necessary, Bowen avers on information and belief that Pritzker resides in or around San Francisco, California.  Bowen admits that Pritzker was a member of the Board of Ploom, Inc. from around 2013 to 2015, a member of the Board of Pax Labs, Inc. from around 2015 to 2017, and a member of the Board of JLI from 2017 to the present.  Bowen further admits an entity related to Pritzker invested in Ploom in 2011. Except as expressly admitted, Bowen denies the allegations in Paragraph 26.

27.     To the extent the allegations in Paragraph 27 are directed to parties other than Bowen, they do not require any response from him.  To the extent a response is deemed necessary, Bowen avers on information and belief that Huh resides in or around Florida and that Huh resided in California and in Florida while serving on JLI's Board of Directors.  Bowen admits that Huh was appointed to the Board of Pax Labs, Inc. in around October 2015, and resigned from the Board of JLI in around May 2018.  Bowen further admits that Huh served as Executive Chairman of the Board Executive Committee until approximately May 2016.  Except as expressly admitted, Bowen denied the allegations in Paragraph 27.

28.     To the extent the allegations in Paragraph 28 are directed to parties other than Bowen, they do not require any response from him.  To the extent a response is deemed necessary, Bowen avers upon information and belief that Valani resides in the United Kingdom.  Bowen admits that Valani was a member of the Board of Ploom, Inc. from around 2007 to 2015, a member of the Board of Pax Labs, Inc. from around 2015 to 2017, and a member of the Board of JLI from 2017 to the present.  Bowen further admits that Valani was a member of the Board Executive Committee until approximately May 2016.  Bowen further admits that admits that Handelsman has occupied a Board

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

seat since around 2015 and that Frankel joined JLI's Board in around June 2017. Except as expressly admitted, Bowen denies the allegations in Paragraph 28.

29.     Bowen admits in response to Paragraph 29 that the complaint purports to refer to Defendants Monsees, Bowen, Pritzker, Huh, and Valani collectively as the "MANAGEMENT DEFENDANTS."

30.     To the extent the allegations in Paragraph 30 are legal conclusions, no response is required. To the extent a response is deemed necessary, Bowen denies the allegations in Paragraph 30.

31.     Bowen denies the allegations in Paragraph 31.

32.     Bowen denies the allegations in Paragraph 32.

33.     To the extent the allegations in Paragraph 33 are legal conclusions, no response is required. To the extent a response is deemed necessary, Bowen denies the allegations in Paragraph 33.

34.     Bowen denies the allegations in Paragraph 34.

35.     To the extent a response is deemed necessary, Bowen denies the allegations in Paragraph 35.

36.     Bowen denies the allegations in Paragraph 36.

37.     Bowen denies the allegations in Paragraph 37, except admits that smoking combustible cigarettes is the leading preventable cause of death in the United States and admits that the allegations purport to characterize a statement allegedly made by Monsees.

38.     Bowen denies the allegations in Paragraph 38, except admits that smoking combustible cigarettes is the leading preventable cause of death in the United States.

39.     Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and upon that ground denies the allegations.

40.     Bowen denies the allegations in Paragraph 40, except admits that JLI designed a product that is effective in helping adult smokers switch from combustible cigarettes and admits that the allegations purport to characterize a statement allegedly made by Monsees.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1     41.     Bowen denies the allegations in Paragraph 41.

2     42.     Bowen denies the allegations in Paragraph 42.

3     43.     Bowen denies the allegations in Paragraph 43, except admits that Monsees stepped

4 down from the Chief Executive Officer role to become Chief Product Officer in or around September

5 or October 2015 and further admits that an Executive Committee of the JLI Board of Directors was

6 formed in October 2015

7     44.     Bowen denies the allegations in Paragraph 44.

8     45.     Bowen denies the allegations in Paragraph 45.

9     46.     Bowen denies the allegations in Paragraph 46, except admits that some of the

10 allegations purport to characterize statements attributed to Monsees.

11     47.     Bowen denies the allegations in Paragraph 47, except admits that some of the

12 allegations purport to characterize statements attributed to him.

13     48.     Bowen denies the allegations in Paragraph 48.

14     49.     To the extent the allegations in Paragraph 49 are directed to parties other than Bowen,

15 they do not require any response from him.  To the extent a response is deemed necessary, Bowen

16 lacks knowledge or information sufficient to form a belief as to the truth of the allegations and upon

17 that ground denies them.

18     50.     Bowen lacks knowledge or information sufficient to form a belief as to the truth of the

19 allegations in Paragraph 50 and upon that ground denies them.

20     51.     To the extent the allegations in Paragraph 51 are directed to parties other than Bowen,

21 they do not require any response from him.  To the extent a response is deemed necessary, Bowen

22 lacks knowledge or information sufficient to form a belief as to the truth of the allegations and upon

23 that ground denies them, except admits on information and belief that the MarkTen was a cigalike.

24     52.     To the extent the allegations in Paragraph 52 are directed to parties other than Bowen,

25 they do not require any response from him.  To the extent a response is deemed necessary, Bowen

26 lacks knowledge or information sufficient to form a belief as to the truth of the allegations and upon

27 that ground denies them.

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    53.    To the extent the allegations in Paragraph 53 are directed to parties other than Bowen,

2  they do not require any response from him.  To the extent a response is deemed necessary, Bowen

3  lacks knowledge or information sufficient to form a belief as to the truth of the allegations and upon

4  that ground denies them.

5    54.    To the extent the allegations in Paragraph 54 are directed to parties other than Bowen,

6  they do not require any response from him.  To the extent a response is deemed necessary, Bowen

7  lacks knowledge or information sufficient to form a belief as to the truth of the allegations and upon

8  that ground denies them.

9    55.    Bowen denies the allegations in Paragraph 55, except he is without knowledge or

10  information sufficient to form a belief as to the truth of the allegations regarding Altria's business and

11  upon that ground denies them.

12    56.    Bowen denies the allegations in Paragraph 56.

13    57.    Bowen denies the allegations in Paragraph 57 except admits that one of the allegations

14  purports to characterize a statement attributed to Howard Willard.

15    58.    Bowen denies the allegations in Paragraph 58, except admits that Altria's preliminary

16  outreach to JLI occurred in early 2017, and that confidential discussions began in spring 2018.

17    59.    Bowen denies the allegations in Paragraph 59.

18    60.    Bowen denies the allegations in Paragraph 60, except admits that Pritzker, Valani, and

19  Burns were involved in discussions with Altria representatives regarding an Altria investment in

20  JLI's business.

21    61.    Bowen denies the allegations in Paragraph 61.

22    62.    Bowen denies the allegations in Paragraph 62, except admits that in December 2018,

23  Altria closed a $12.8 billion investment in JLI's business, representing a 35% economic interest in

24  the company.

25    63.    Bowen denies the allegations in Paragraph 63.

26    64.    Bowen denies the allegations in Paragraph 64.

27

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    65.    Bowen denies the allegations in Paragraph 65, except admits that nicotine is an

2    alkaloid and is an addictive chemical.

3    66.    Bowen denies the allegations in Paragraph 66, except admits that nicotine is an

4    addictive chemical and that the allegations purport to characterize statements made by Benowitz.

5    67.    Bowen denies the allegations in Paragraph 67, except admits that nicotine is an

6    addictive chemical and that the allegations purport to characterize statements made by Benowitz.

7    68.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the

8    allegations in Paragraph 68, except  admits that they purport to characterize certain aspects of

9    nicotine that make it addictive.

10    69.    Bowen denies the allegations in Paragraph 69, except admits that underage individuals

11    should not use nicotine products and admits that the allegations purport to characterize statements

12    allegedly made by the Surgeon General and the results of a study.

13    70.    Bowen denies the allegations in Paragraph 70, except admits that underage individuals

14    should not use nicotine products and admits that the allegations purport to characterize statements

15    allegedly made by the Surgeon General and the results of a study.

16    71.    Bowen denies the allegations in Paragraph 71, except admits that nicotine is an

17    addictive chemical, that JLI warns users that nicotine is addictive through a black box warning

18    displayed on its products in compliance with FDA regulations, and that some allegations  purport to

19    quote or characterize a Surgeon General report.

20    72.    Bowen denies the allegations in Paragraph 72.

21    73.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the

22    allegations in Paragraph 73, except admits that the allegations purport to characterize articles or

23    studies from Morbidity & Mortality weekly and by the Surgeon General.

24    74.    Bowen admits that the allegations purport to characterize a report or statements

25    allegedly made by the Surgeon General.  Bowen otherwise lacks knowledge or information sufficient

26    to form a belief as to the truth of the allegations and upon that ground denies the remaining

27    allegations in Paragraph 74.

28

BOWEN ANSWER TO WESTFAUL
                                                                SECOND AMENDED COMPLAINT
                                                                Case No.: 19-md-02913-WHO

75.     Bowen denies the allegations in Paragraph 75.

76.     Bowen denies the allegations in Paragraph 76.

77.     Bowen denies the allegations in Paragraph 77, except admits that some of the allegations purport to quote or characterize a statement allegedly attributed to one of the company's founders.

78.     Bowen denies the allegations in Paragraph 78, except admits that some of the allegations purport to quote or characterize statements allegedly attributed to one of the company's founders.

79.     Bowen denies the allegations in Paragraph 79, except admits that the allegations purport to characterize RJR documents or studies, that JLI's nicotine salt-based e-liquid is contained in JUULpods, and that Thomas Perfetti provided consulting services for Ploom, Inc. for a brief period in 2013.

80.     Bowen denies the allegations in Paragraph 80, except admits that some of the allegations purport to quote or characterize statements allegedly attributed to one of the company's founders.

81.     Bowen denies the allegations in Paragraph 81, except admits that the JUUL device is composed of at least a rechargeable battery, electronic circuitry, an enclosure, a magnet, an LED, and pressure sensors, and that the JUUL system operates by heating an e-liquid to create an inhalable aerosol and that one JUULpod contains approximately 0.7 milliliters of e-liquid.

82.     Bowen denies the allegations in Paragraph 82, except admits that JLI sells JUULpods in packs of either two or four pods, that JUULpods in Mango, Fruit, Crème and Cucumber flavors were sold by JLI to traditional retail outlets and commercial distributors  until around November 2018 and  online until October 2019.  Bowen further admits that the image reproduced following the text of Paragraph 82 shows a Starter Kit with four JUULpods.

83.     Bowen denies the allegations in Paragraph 83, except admits that some of the allegations purport to characterize the JLI website.

84.     Bowen denies the allegations in Paragraph 84.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1       85.     Bowen denies the allegations in Paragraph 85, except admits that some of the

2    allegations purport to characterize alleged JLI marketing and investor presentations.

3       86.     Bowen denies the allegations in Paragraph 86, except admits that some of the

4    allegations purport to characterize alleged statements of a JLI engineer.

5       87.     Bowen denies the allegations in Paragraph 87, except admits that the JUUL product

6    was brought to market in 2015.

7       88.     Bowen denies the allegations in Paragraph 88.

8       89.     Bowen denies the allegations in Paragraph 89.

9       90.     Bowen denies the allegations in Paragraph 90, except admits that some of the

10    allegations purport to characterize a thesis presentation by the company's co-founders.

11       91.     Bowen denies the allegations in Paragraph 91, except admits that some of the

12    allegations purport to characterize alleged statements by one of the company's co-founders.

13       92.     Bowen denies the allegations in Paragraph 92, except admits that some of the

14    allegations purport to characterize Bowen's alleged statements in an interview, the content of JLI's

15    website, and the alleged statements of a JLI executive.

16       93.     Bowen denies the allegations in Paragraph 93.

17       94.     Bowen denies the allegations in Paragraph 94, except admits certain allegations

18    purport to characterize a document from Perfetti.

19       95.     Bowen denies the allegations in Paragraph 95, except admits that Ploom introduced

20    the ModelOne in about 2010.

21       96.     Bowen denies the allegations in Paragraph 96, except admits that Japan Tobacco

22    International took a minority stake in Ploom in around December 2011, and that some allegations

23    purport to characterize statements attributed to him and Monsees.

24       97.     Bowen denies the allegations in Paragraph 97, except admits that some of the

25    allegations purport to characterize various documents and that Blixt, Skillin, and Coggins had an

26    advisory role at some point.

27

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    98.    Bowen denies the allegations in Paragraph 98, except admits that some of the

2    allegations purport to quote or characterize various documents.

3    99.    Bowen denies the allegations in Paragraph 99, except admits that some of the

4    allegations purport to quote or characterize various documents.

5    100.   Bowen denies the allegations in Paragraph 100, except admits that some of the

6    allegations purport to quote or characterize various documents.

7    101.   Bowen denies the allegations in Paragraph 101, except admits that some of the

8    allegations purport to quote or characterize an internal JLI document.

9    102.   Bowen denies the allegations in Paragraph 102, except admits that some of the

10   allegations purport to quote or characterize an internal JLI document.

11   103.   Bowen denies the allegations in Paragraph 103, except admits that some of the

12   allegations purport to quote or characterize an email.

13   104.   Bowen denies the allegations in Paragraph 104.

14   105.   Bowen denies the allegations in Paragraph 105, except admits that some of the

15   allegations purport to quote or characterize internal company documents and press articles.

16   106.   Bowen denies the allegations in Paragraph 106, except admits that some of the

17   allegations purport to quote or characterize market research and a company legal document.

18   107.   Bowen lacks knowledge or information sufficient to form a belief about the truth of

19   the allegations in Paragraph 107 and therefore denies them on that basis, except admits that some of

20   the allegations purport to characterize a press article.

21   108.   Bowen denies the allegations in Paragraph 108, except admits that some of the

22   allegations purport to quote or characterize various internal documents of Lorillard and R.J.

23   Reynolds.

24   109.   Bowen denies the allegations in Paragraph 109, except admits that e-cigarettes were

25   introduced to the U.S. market in or around 2007.

26

27

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

110.    Bowen denies the allegations in Paragraph 110, except admits that many e-cigarettes failed to satisfy adults consumers of combustible cigarettes and admits that JLI designed a product that is effective in helping adult smokers switch from combustible cigarettes.

111.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 and upon that ground denies them.

112.    Bowen denies the allegations in Paragraph 112, except admits that JLI's nicotine-salt-based e-liquid formulation  provided a physiological effect and experience more similar to the use of combustible cigarettes for adult smokers than did other e-cigarettes on the market at that time.

113.    Bowen denies the allegations in Paragraph 113, except admits he was one of the initial subjects in early tests.

114.    Bowen denies the allegations in Paragraph 114, except admits that some of the allegations purport to quote or characterize alleged a document and a press article.

115.    Bowen denies the allegations in Paragraph 115.

116.    Bowen denies the allegations in Paragraph 116, except admits that he personally participated in testing.

117.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117 purporting to characterize the study and denies the allegations on that basis.

118.    Bowen denies the allegations in Paragraph 118, except he lacks knowledge or information sufficient to form a belief about the truth of the allegations purporting to characterize the study or the article.

119.    Bowen denies the allegations in Paragraph 119, except he lacks knowledge or information sufficient to form a belief about the truth of the allegations purporting to characterize the cited study.

120.    Bowen denies the allegations in Paragraph 120, except admits that JLI conducted a pharmacokinetic study and submitted a non-provisional patent application in October 2014, which

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1  was granted as U.S. Patent No. 9,215,895 in December 2015, and that he and Chenyue Xing were

2  named inventors on U.S. Patent No. 9,215,895.

3       121.    Bowen denies the allegations in Paragraph 121, except admits that some of the

4  allegations purport to quote or characterize patent applications, a patent, and a graph.

5       122.    Bowen denies the allegations in Paragraph 122, except admits that some of the

6  allegations purport to characterize a patent.

7       123.    Bowen denies the allegations in Paragraph 123, except admits that some of the

8  allegations purport to characterize a patent and that the nicotine salt formulation can provide

9  satisfaction comparable to that from smoking a combustible cigarette.

10       124.    Bowen denies the allegations in Paragraph 124.

11       125.    Bowen denies the allegations in Paragraph 125, except admits they purport to

12  characterize a study.

13       126.    Bowen denies the allegations in Paragraph 126, except admits that the allegations

14  purport to characterize a study and admits, on information and belief, that, at present, consumers in

15  the European Union can buy e-cigarette products, including but not limited to JUUL products, in a

16  range of concentrations up to but not exceeding 20 mg/ml of nicotine.

17       127.    Bowen denies the allegations in Paragraph 127, except admits that the JUUL device

18  was designed in or around 2014.

19       128.    Bowen denies the allegations in Paragraph 128, except admits that they purport to

20  characterize an internal JLI email.

21       129.    Bowen denies the allegations in Paragraph 129, except admits that JLI submitted a

22  patent application for certain control mechanisms in 2014, and admits that the allegations purport to

23  characterize internal JLI emails.

24       130.    Bowen denies the allegations in Paragraph 130.

25       131.    Bowen denies the allegations in Paragraph 131, except admits that Ploom retained

26  Tragon to conduct consumer research on prototypes of the JUUL device, and admits that the

27  allegations purport to characterize various emails.

28

BOWEN ANSWER TO WESTFAUL
                                                        SECOND AMENDED COMPLAINT
                                                        Case No.: 19-md-02913-WHO

132.    Bowen denies the allegations in Paragraph 132, except admits that the allegations purport to characterize an email.

133.    Bowen denies the allegations in Paragraph 133, except admits that some of the allegations purport to quote or characterize certain survey responses.

134.    Bowen denies the allegations in Paragraph 134, except admits that the results of the Tragon studies were shared with individuals including Monsees and Mumby.

135.    Bowen denies the allegations in Paragraph 135.

136.    Bowen denies the allegations in Paragraph 136, except admits that JLI first offered its products for sale in June 2015.

137.    Bowen denies the allegations in Paragraph 137, except admits that some of the allegations purport to characterize an email received by Cohen.

138.    Bowen denies the allegations in Paragraph 138, except admits that some of the allegations purport to characterize certain "notes" from a meeting.

139.    Bowen denies the allegations in Paragraph 139, except admits that some of the allegations purport to characterize a document.

140.    Bowen denies the allegations in Paragraph 140, except admits that some of the allegations purport to characterize a statement allegedly made by JLI's Director of Consumer Insights.

141.    Bowen denies the allegations in Paragraph 141, except admits that some of the allegations purport to characterize the results of an internal study.

142.    Bowen denies the allegations in Paragraph 142, except admits that some of the allegations purport to quote or characterize a study.

143.    Bowen denies the allegations in Paragraph 143, except admits that some of the allegations purport to characterize the results of a study.

144.    Bowen denies the allegations in Paragraph 144.

145.    Bowen denies the allegations in Paragraph 145.

146.    Bowen denies the allegations in Paragraph 146.

147.     Bowen denies the allegations in Paragraph 147.

148.     Bowen denies the allegations in Paragraph 148, except admits that some of the allegations purport to characterize certain statements allegedly made by Sarah Richardson.

149.     Bowen denies the allegations in Paragraph 149, except admits some of the allegations purport to characterize statements made by Teague decades ago.

150.     Bowen denies the allegations in Paragraph 150.

151.     Bowen denies the allegations in Paragraph 151, except admits that the JUUL device is distinct from a traditional cigarette.

152.     Bowen denies the allegations in Paragraph 152, except admits that the JUUL device has a rectangular shape and contains a rechargeable battery that is charged by a USB port.

153.     Bowen denies the allegations in Paragraph 153, except admits that the JUUL device has a rectangular shape and that he worked for Apple as an intern for a portion of 2004.

154.     Bowen denies the allegations in Paragraph 154, except admits that JUUL devices have a battery indicator LED that may flash in different colors when shaken.

155.     Bowen denies the allegations in Paragraph 155, except admits that some of the allegations purport to characterize statements made by David Kessler and admits the FDA sent JLI a letter in or around April 2018 and that the allegations purport to characterize the contents of that letter.

156.     Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and on that basis denies them.

157.     Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 157 and on that basis denies them.

158.     Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 158 and on that basis denies them.

159.     Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 159 and on that basis denies them.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

160.     Bowen denies the allegations in Paragraph 160, except admits that the original JUULpods commercialized in June 2015 were available in "Miint," "Fruut," "Bruule," and "Tabaac." Bowen further admits that JLI changed the names of its original non-tobacco or non-menthol flavored products from "Tabaac" to "Virginia Tobacco", "Miint" to "Mint," "Fruut" to "Fruit," and "Bruule" to "Creme."

161.     Bowen denies the allegations in Paragraph 161, except admits that JLI sold JUULpods in Mango, Fruit, Creme, and Cucumber flavors to traditional retail outlets and distributors until about November 2018 and online until October 2019.

162.     Bowen admits that, beginning in 2009, the FDA enforced legislation banning the sale of specified tobacco products with flavors other than menthol and tobacco, and in 2020 the FDA issued a policy of enforcement against certain unauthorized flavored cartridge-based e-cigarette products (other than a tobacco-or menthol-flavored product).  Bowen also admits the allegations in Paragraph 162 purport to characterize statements attributed to Howard Koh.  Except as expressly admitted, Bowen denies the allegations in Paragraph 162.

163.     Bowen denies the allegations in Paragraph 163, except lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the survey from 2013-2014 and therefore denies them on that basis.

164.     Bowen denies the allegations in Paragraph 164, except admits that some of the allegations purport to characterize a survey.

165.     Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 165 and therefore denies them on that basis.

166.     Bowen denies the allegations in Paragraph 166, except admits that the allegations purport to characterize certain research.

167.     Bowen denies the allegations in Paragraph 167, except admits that some of the allegations purport to characterize statements attributed to Robin Koval and the FDA.

168.     Bowen denies the allegations in Paragraph 168, except admits that some of the allegations purport to characterize certain JLI marketing.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    169.    Bowen denies the allegations in Paragraph 169, except admits that JLI never intended

2 for its product to appeal to underage users .

3    170.    Bowen denies the allegations in Paragraph 170, except admits that some of the

4 allegations purport to characterize an article.

5    171.    Bowen denies the allegations in Paragraph 171.

6    172.    Bowen denies the allegations in Paragraph 172.

7    173.    Bowen denies the allegations in Paragraph 173, except admits that Reynolds American

8 Inc. released the Vuse and Altria released the MarkTen in or around 2013, and JUUL offered its

9 products for sale in the United States in or around June 2015.

10    174.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

11 the allegations in Paragraph 174,  and on that basis denies them, except admits that JLI offered a mint

12 product for sale in the United States in or around June 2015.

13    175.    Bowen denies the allegations in Paragraph 175, except admits that JLI sold mint and

14 other flavored products prior to menthol-flavored products.

15    176.    Bowen denies the allegations in Paragraph 176.

16    177.    Bowen denies the allegations in Paragraph 177.

17    178.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

18 the allegations in Paragraph 178 and therefore denies them on that basis, except admits that some of

19 the allegations purport to characterize a study.

20    179.    Bowen denies the allegations in Paragraph 179.

21    180.    Bowen denies the allegations in Paragraph 180, except admits that Kevin Burns,

22 previously employed by Chobani, was JLI's CEO in January 2018.

23    181.    Bowen denies the allegations in Paragraph 181.

24    182.    Bowen denies the allegations in Paragraph 182, except admits that the FDA sent JLI a

25 letter in around April 2018.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    183.    Bowen denies the allegations in Paragraph 183, except admits that in around April

2  2019, JLI announced an initiative to combat underage use of tobacco and ENDS products and admits

3  JLI received a letter from the FDA in around September 2019.

4    184.    Bowen denies the allegations in Paragraph 184.

5    185.    Bowen denies the allegations in Paragraph 185, except admits they purport to

6  characterize two studies.

7    186.    Bowen denies the allegations in Paragraph 186, except admits that the allegations in

8  Paragraph 186 purport to characterize two studies.

9    187.    Bowen denies the allegations in Paragraph 187, except admits they purport to

10  characterize a study.

11    188.    Bowen denies the allegations in Paragraph 188, except admits they purport to

12  characterize statements attributed to Kevin Burns, Siddharth Breja, and Jonathan Winickoff.

13    189.    Bowen denies the allegations in Paragraph 189.

14    190.    Bowen denies the allegations in Paragraph 190.

15    191.    Bowen denies the allegations in Paragraph 191.

16    192.    Bowen denies the allegations in Paragraph 192.

17    193.    Bowen denies the allegations in Paragraph 193.

18    194.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the

19  allegations in Paragraph 194 and on that basis denies them.

20    195.    Bowen denies the allegations in Paragraph 195, except admits that the allegations

21  purport to characterize a study.

22    196.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the

23  allegations in Paragraph 196 and on that basis denies them, except admits that some of the allegations

24  purport to characterize a study.

25    197.    Bowen denies the allegations in Paragraph 197, except admits that the carbonyl

26  compounds alleged may be carcinogenic in certain amounts.

27

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

198.   Bowen denies the allegations in Paragraph 198, except admits that the allegations purport to characterize a study.

199.   Bowen denies the allegations in Paragraph 199, except admits that the allegations purport to characterize a study.

200.   Bowen denies the allegations in Paragraph 200.

201.   Bowen denies the allegations in Paragraph 201.

202.   Bowen denies the allegations in Paragraph 202.

203.   Bowen denies the allegations in Paragraph 203, except admits that, from time to time, JLI purchased e-liquids from Alternative Ingredients, Inc., subsidiary of Mother Murphy's Labs Inc., for use in JUUL pods.

204.   Bowen denies the allegations in Paragraph 204, except admits that, from time to time, JLI purchased e-liquids from Alternative Ingredients, Inc., subsidiary of Mother Murphy's Labs Inc., for use in JUUL pods, and admits that some of the allegations purport to characterize information from JLI to Congress.

205.   Bowen denies the allegations in Paragraph 205, except admits that Mother Murphy's and Alternative communicated with JLI.

206.   Bowen denies the allegations in Paragraph 206, except admits that some of the allegations purport to characterize information from JLI to Congress.

207.   Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 and on that basis denies them.

208.   Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 and on that basis denies them.

209.   Bowen denies the allegations in Paragraph 209, except admits that some of the allegations purport to characterize an internet archive site.

210.   Bowen denies the allegations in paragraph 210.

211.   Bowen denies the allegations in Paragraph 211, except admits that some of the allegations purport to characterize an Alternative document.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    212.    Bowen denies the allegations in Paragraph 212.

2    213.    Bowen denies the allegations in Paragraph 213.

3    214.    Bowen denies the allegations in Paragraph 214, except admits that JLI established a

4    supply agreement with Eliquitech, subsidiary of TTI, in 2017 for the development and supply of e-

5    liquids.

6    215.    Bowen denies the allegations in Paragraph 215, except admits that some of the

7    allegations purport to characterize information JLI provided to Congress.

8    216.    Bowen denies the allegations in Paragraph 216.

9    217.    Bowen denies the allegations in Paragraph 217.

10    218.    Bowen denies the allegations in Paragraph 218.

11    219.    Bowen denies the allegations in Paragraph 219.

12    220.    Bowen denies the allegations in Paragraph 220.

13    221.    Bowen denies the allegations in Paragraph 221.

14    222.    Bowen denies the allegations in Paragraph 222, except lacks knowledge or

15    information sufficient to form a belief about the truth of the allegations about the studies they purport

16    to characterize.

17    223.    Bowen denies the allegations in Paragraph 223, except admits that he participated in a

18    meeting of the Board of Directors in October 2015 and discussed JLI's patent application.

19    224.    Bowen denies the allegations in Paragraph 224, except admits that in 2014, JLI

20    conducted the CH-1401 Phase 1 study in New Zealand and that some of the allegations purport to

21    characterize JLI documents.

22    225.    Bowen admits that some of the allegations in Paragraph 225 purport to characterize

23    the results of a study and he otherwise denies the allegations therein.

24    226.    Bowen denies the allegations in Paragraph 226, except admits that JLI launched

25    JUULpods with nicotine strength of 5.0%, and that some of the allegations purport to characterize an

26    internal JLI memo.

27

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1        227.    Bowen admits that some of the allegations purport to characterize a study and

2 otherwise denies the allegations in Paragraph 227.

3        228.    Bowen denies the allegations in Paragraph 228.

4        229.    Bowen denies the allegations in Paragraph 229, except admits that some of the

5 allegations purport to characterize an article from an online publication.

6        230.    Bowen denies the allegations in Paragraph 230, except admits that some of the

7 allegations purport to characterize an internal JLI document.

8        231.    Bowen denies the allegations in Paragraph 231.

9        232.    Bowen denies the allegations in Paragraph 232.

10        233.    Bowen denies the allegations in Paragraph 233.

11        234.    Bowen denies the allegations in Paragraph 234, except admits that some of the

12 allegations purport to characterize content on JLI's website in or around October 2016.

13        235.    Bowen denies the allegations in Paragraph 235.

14        236.    Bowen denies the allegations in Paragraph 236.

15        237.    Bowen denies the allegations in Paragraph 237, except admits that JUULpod packages

16 sent via U.S. mail contained the statement that a  JUULpod is approximately equivalent to about 1

17 pack of cigarettes.

18        238.    Bowen denies the allegations in Paragraph 238.

19        239.    Bowen denies the allegations in Paragraph 239.

20        240.    Bowen denies the allegations in Paragraph 240, except admits on information and

21 belief that Altria launched a MarkTen product in around 2017.

22        241.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

23 the allegations in Paragraph 241 and on that basis denies them.

24        242.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

25 the allegations in Paragraph 242 and on that basis denies them.

26        243.    Bowen denies the allegations in Paragraph 243.

27

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    244.    Bowen denies the allegations in Paragraph 244, except admits that JLI's website

2    offered information about the nicotine content of a JUULpod compared to combustible cigarettes.

3    245.    Bowen denies the allegations in Paragraph 245, except admits that JLI's product

4    packaging has complied with FDA and California requirements, and that the packaging labels did not

5    refer to "known effects, or unknown long-term effects, of nicotine or consuming e-cigarettes/inhaling

6    nicotine salts."

7    246.    Bowen denies the allegations in Paragraph 246.

8    247.    Bowen denies the allegations in Paragraph 247.

9    248.    Bowen denies the allegations in Paragraph 248.

10    249.    Bowen denies the allegations in Paragraph 249.

11    250.    Bowen denies the allegations in Paragraph 250, except admits that there was a Save

12    Room for JUUL advertising campaign in 2015 and that some of the allegations purport to

13    characterize JLI's marketing.

14    251.    Bowen denies the allegations in Paragraph 251.

15    252.    Bowen admits that some of the allegations in Paragraph 252 purport to characterize

16    some JLI marketing and he otherwise denies the allegations therein.

17    253.    Bowen denies the allegations in Paragraph 253.

18    254.    Bowen denies the allegations in Paragraph 254.

19    255.    Bowen denies the allegations in Paragraph 255.

20    256.    Bowen denies the allegations in Paragraph 256, except admits that beginning in

21    around July 2018, JLI's Make the Switch print and digital ads ran, and in 2019, testimonial ads were

22    broadcast on television and radio channels that had a mature audience.

23    257.    Bowen denies the allegations in Paragraph 257, except admits the Make the Switch

24    campaign featured adult former smokers  discussing switching from combustible cigarettes.

25    258.    Bowen denies the allegations in Paragraph 258.

26    259.    Bowen denies the allegations in Paragraph 259, except admits some of the allegations

27    purport to characterize statements by Monsees.

28

BOWEN ANSWER TO WESTFAUL
                                SECOND AMENDED COMPLAINT
                                Case No.: 19-md-02913-WHO

1    260.    Bowen denies the allegations in Paragraph 206, except admits they purport to

2   characterize a statement Monsees made, and admits that JLI designed a product that is effective in

3   helping adult smokers switch from combustible cigarettes.

4    261.    Bowen denies the allegations in Paragraph 261, except admits some of the allegations

5   purport to characterize various statements that from JLI's website and elsewhere.

6    262.    Bowen denies the allegations in Paragraph 262.

7    263.    Bowen admits the allegations in Paragraph 263 purport to characterize statements by

8   Representative Rashida Tlaib and Monsees and otherwise denies the allegations.

9    264.    Bowen denies the allegations in Paragraph 264.

10    265.    Bowen denies the allegations in Paragraph 265.

11    266.    Bowen denies the allegations in Paragraph 266.

12    267.    Bowen denies the allegations in Paragraph 267.

13    268.    Bowen denies the allegations in Paragraph 268, except admits that there was a "Juul

14   savings calculator" on its website for a limited period.

15    269.    Bowen admits that JLI's products are an alternative to smoking combustible cigarettes

16   and otherwise denies the allegations in Paragraph 269.

17    270.    Bowen admits that JLI has, in the past, used the slogan "Smoking Evolved" and

18   otherwise denies the allegations in Paragraph 270.

19    271.    Bowen denies the allegations in Paragraph 271.

20    272.    Bowen denies the allegations in Paragraph 272.

21    273.    Bowen denies the allegations in Paragraph 273, except lacks knowledge or

22   information sufficient to form a belief about the truth of the allegations regarding studies.

23    274.    Bowen denies the allegations in Paragraph 274, except admits that JLI engaged

24   Tragon and that some of the allegations purport to characterize various emails.

25    275.    Bowen denies the allegations in Paragraph 275.

26    276.    Bowen denies the allegations in Paragraph 276, except admits one of the allegations

27   purports to characterize a statement issued by the NIH.

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    277.    Bowen denies the allegations in Paragraph 277.

2    278.    Bowen denies the allegations in Paragraph 278, except admits they purport to

3 characterize Section 911(b)(2)(A)(i) of the Federal Food, Drug, and Cosmetics Act and that JLI

4 received a letter from the FDA in around September 2019.

5    279.    Bowen denies the allegations in Paragraph 279, except admits that the FDA sent JLI

6 letters in or around September 2019 and that the allegations purport to characterize those letters.

7    280.    Bowen denies the allegations in Paragraph 280, except admits that the FDA sent JLI

8 letters in or around September 2019 and that the allegations purport to characterize the letters.

9    281.    Bowen denies the allegations in Paragraph 281, except admits that the FDA sent JLI

10 letters in or around September 2019 and that the allegations purport to characterize the letters.

11    282.    Bowen denies the allegations in Paragraph 282, except admits that the FDA sent JLI

12 letters in or around September 2019 and that the allegations purport to characterize the letters.

13    283.    Bowen denies the allegations in Paragraph 283, except admits that the FDA sent JLI

14 letters in or around September 2019 and that the allegations purport to characterize the letters.

15    284.    Bowen denies the allegations in Paragraph 284, except admits that JLI hired a

16 marketing firm in connection with its Make the Switch campaign.

17    285.    Bowen denies the allegations in Paragraph 285, except admits that the allegations

18 purport to characterize an email from April 2018.

19    286.    Bowen denies the allegations in Paragraph 286, except admits that the allegations

20 purport to characterize an email from April 2018.

21    287.    Bowen denies the allegations in Paragraph 287, except admits that JLI retained DDB

22 to help develop the Make the Switch campaign.

23    288.    Bowen denies the allegations in Paragraph 288.

24    289.    Bowen denies the allegations in Paragraph 289.

25    290.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

26 the allegations in Paragraph 290 and on that basis denies them.

27

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

291.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 291 and on that basis denies them.

292.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 292 and on that basis denies them.

293.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 293 and on that basis denies them.

294.    Bowen denies the allegations in Paragraph 294, except admits that some of the allegations purport to characterize emails.

295.    Bowen denies the allegations in Paragraph 295, except admits that some of the allegations purport to characterize an email.

296.    Bowen denies the allegations in Paragraph 296, except admits that some of the allegations purport to characterize an email.

297.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 297 and on that basis denies them.

298.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 298 and on that basis denies them.

299.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 299 and on that basis denies them.

300.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 300 and on that basis denies them.

301.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 301 and on that basis denies them.

302.    Bowen denies the allegations in Paragraph 302 except admits that JLI may have run some promotions with Vaping360.

303.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 303 and on that basis denies them.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

304.     Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 304 and on that basis denies them.

305.     Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 305 and on that basis denies them.

306.     Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 306 and on that basis denies them.

307.     Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 307 and on that basis denies them.

308.     Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 308 and on that basis denies them.

309.     Bowen denies the allegations in Paragraph 309 that pertain to JLI and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis denies them.

310.     Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 310 and on that basis denies them.

311.     Bowen denies the allegations in Paragraph 311 except admits that JLI paid membership dues to VTA in 2018 and VTA offered JLI a board seat.

312.     Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 312 and on that basis denies them.

313.     Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 313 and on that basis denies them.

314.     Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 314 and on that basis denies them.

315.     Bowen denies the allegations in Paragraph 315, except admits that some of the allegations purport to characterize statements by Howard Willard.

316.     Bowen denies the allegations in Paragraph 316, except admits that some of the allegations purport to characterize a statement by Howard Willard.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    317.    Bowen denies the allegations in Paragraph 317.

2    318.    Bowen denies the allegations in Paragraph 318.

3    319.    Bowen denies the allegations in Paragraph 319.

4    320.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

5    the allegations in Paragraph 320 and on that basis denies them.

6    321.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

7    the allegations in Paragraph 321 and on that basis denies them.

8    322.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

9    the allegations in Paragraph 322 and on that basis denies them.

10    323.    Bowen denies the allegations in Paragraph 323.

11    324.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

12    the allegations in Paragraph 324 and on that basis denies them.

13    325.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

14    the allegations in Paragraph 325 and on that basis denies them.

15    326.    Bowen denies the allegations in Paragraph 326.

16    327.    Bowen denies the allegations in Paragraph 327.

17    328.    Bowen denies the allegations in Paragraph 328.

18    329.    Bowen denies the allegations in Paragraph 329, except admits some of the allegations

19    purport to characterize the CDC's report on its 2014 National Youth Tobacco Survey.

20    330.    Bowen denies the allegations in Paragraph 330.

21    331.    Bowen denies the allegations in Paragraph 331, except admits some of the allegations

22    purport to characterize a statement attributed to Scott Dunlap.

23    332.    Bowen denies the allegations in Paragraph 332, except admits some of the allegations

24    purport to characterize a statement attributed to Scott Dunlap.

25    333.    Bowen denies the allegations in Paragraph 333, except admits that JLI engaged Cult

26    Collective to provide branding advice in connection with its initial advertising strategy and admits

27    some of the allegations purport to characterize materials created by Cult Collective.

28

BOWEN ANSWER TO WESTFAUL
                                SECOND AMENDED COMPLAINT
                                Case No.: 19-md-02913-WHO

1    334.    Bowen denies the allegations in Paragraph 334, except admits that some of the

2 allegations purport to characterize a document.

3    335.    Bowen denies the allegations in Paragraph 335, except admits that some of the

4 allegations purport to characterize various emails.

5    336.    Bowen denies the allegations in Paragraph 336.

6    337.    Bowen denies the allegations in Paragraph 337, except admits that JLI engaged Grit

7 Creative Group in connection with the marketing of JUUL products to adult smokers.

8    338.    Bowen denies the allegations in Paragraph 338.

9    339.    Bowen denies the allegations in Paragraph 339.

10    340.    Bowen denies the allegations in Paragraph 340, except admits that JLI engaged Cult

11 Collective to provide branding advice in connection with JLI's initial advertising strategy.

12    341.    Bowen denies the allegations in Paragraph 341, except admits that the allegations

13 purport to characterize Cult Collective materials.

14    342.    Bowen denies the allegations in Paragraph 342.

15    343.    Bowen admits that JLI did not utilize the creative content created by Cult Collective

16 related to its campaign and otherwise denies the allegations in Paragraph 343.

17    344.    Bowen denies the allegations in Paragraph 344, except admits that the launch

18 campaign for JUUL products, which began around June 2015, was known as "Vaporized."

19    345.    Bowen denies the allegations in Paragraph 345.

20    346.    Bowen denies the allegations in Paragraph 346.

21    347.    Bowen denies the allegations in Paragraph 347, except admits that there were

22 discussions among JLI executives and directors regarding the marketing and launch of JUUL

23 products, and that some of the allegations purport to characterize statements by Chelsea Kania and

24 others.

25    348.    Bowen admits that part of JLI's launch campaign in 2015 included advertisements in

26 Times Square and admits that some of the allegations in Paragraph 348 purport to characterize legal

27

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

provisions contained in the Master Settlement Agreement.  Except as expressly admitted, Bowen denies the allegations.

349.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 349 and on that basis denies them.

350.    Bowen denies the allegations in Paragraph 350, except admits that some of the allegations purport to characterize a television show.

351.    Bowen admits that JLI's initial launch campaign was not limited to advertisements in Times Square and otherwise denies the allegations in Paragraph 351.

352.    Bowen denies the allegations in Paragraph 352, except lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding cigarette advertising.

353.    Bowen denies the allegations in Paragraph 353.

354.    Bowen denies the allegations in Paragraph 354.

355.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 355 and on that basis denies them.

356.    Bowen denies the allegations in Paragraph 356.

357.    Bowen denies the allegations in Paragraph 357, except admits some of the allegations purport to characterize statements attributed to Kania.

358.    Bowen denies the allegations in Paragraph 358, except admits that JLI's initial launch campaign included promoting its products to adult smokers through a variety of means, including on social media.

359.    Bowen denies the allegations in Paragraph 359.

360.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 360 and on that basis denies them.

361.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 361 and on that basis denies them.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1       362.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

2   the allegations in Paragraph 362 and on that basis denies them.

3       363.    Bowen denies the allegations in Paragraph 363.

4       364.    Bowen denies the allegations in Paragraph 364.

5       365.    Bowen admits that JLI engaged Grit Creative Group for certain marketing activities.

6   Except as expressly admitted, Bowen denies the allegations in Paragraph 365.

7       366.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

8   the allegations in Paragraph 366 and on that basis denies them.

9       367.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

10  the allegations in Paragraph 367 and on that basis denies them.

11      368.    Bowen denies the allegations in Paragraph 368.

12      369.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

13  the allegations in Paragraph 369 and on that basis denies them.

14      370.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

15  the allegations in Paragraph 370 and on that basis denies them.

16      371.    Bowen denies the allegations in Paragraph 371.

17      372.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

18  the allegations in Paragraph 372 and on that basis denies them.

19      373.    Bowen admits that that the allegations in Paragraph 373 purport to characterize a

20  document and otherwise denies the allegations therein.

21      374.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

22  the allegations in Paragraph 374 and on that basis denies them.

23      375.    Bowen denies the allegations in Paragraph 375, except admits that, prior to 2018,

24  JLI's marketing strategy included promoting its products to adult smokers through a variety of

25  means, including through social media.

26      376.    Bowen admits that the allegations in Paragraph 376 purport to characterize a statement

27  allegedly made to a newspaper and otherwise denies the allegations therein.

28

1   377.   Bowen denies the allegations in Paragraph 377, except admits that, prior to 2018,

2   JLI's marketing strategy included promoting its products to adult smokers through a variety of

3   means, including social media, which sometimes included hashtags.

4   378.   Bowen denies the allegations in Paragraph 378, except admits that some posts on JLI's

5   social media accounts were accompanied by "hashtags."

6   379.   Bowen denies the allegations in Paragraph 379, except admits that some posts on JLI's

7   social media accounts were accompanied by "hashtags" and that some users posted pictures of

8   themselves.

9   380.   Bowen denies the allegations in Paragraph 380.

10   381.   Bowen lacks knowledge or information sufficient to form a belief about the truth of

11   the allegations in Paragraph 381 and on that basis denies them.

12   382.   Bowen denies the allegations in Paragraph 382.

13   383.   Bowen denies the allegations in Paragraph 383, except admits some of the allegations

14   purport to characterize Nielsen data.

15   384.   Bowen denies the allegations in Paragraph 384.

16   385.   Bowen denies the allegations in Paragraph 385.

17   386.   Bowen denies the allegations in Paragraph 386, except admits that the allegations

18   purport to characterize promotional materials.

19   387.   Bowen denies the allegations in Paragraph 387, except admits that JLI held age-gated

20   events between June and December 2015 in connection with its product launch.

21   388.   Bowen denies the allegations in Paragraph 388, except admits that, in 2015, JLI held

22   experiential marketing events for age-verified adults, including at Outside Lands in San Francisco in

23   around August 2015.  Bowen further admits that JLI distributed samples of JUUL products at certain

24   age-gated events taking place around the time of the initial commercialization of JUUL products.

25   389.   Bowen lacks knowledge or information sufficient to form a belief about the truth of

26   the allegations in Paragraph 389 and on that basis denies them.

27

28

BOWEN ANSWER TO WESTFAUL
                                    SECOND AMENDED COMPLAINT
                                    Case No.: 19-md-02913-WHO

390.    Bowen denies the allegations in Paragraph 390, except admits that JLI distributed limited quantities of samples to age-verified adult consumers at retailers.

391.    Bowen denies the allegations in Paragraph 391.

392.    Bowen denies the allegations in Paragraph 392.

393.    Bowen denies the allegations in Paragraph 393.

394.    Bowen denies the allegations in Paragraph 394, except admits that JLI's Voting Agreements provided for seven board members, and that Pritzker joined JLI's Board, which included Monsees, Valani, and him, in around August 2013.

395.    Bowen denies the allegations in Paragraph 395, except admits that Handelsman joined JLI's Board of Directors in around March 2015 and admits that the allegations purport to characterize internal JLI documents.

396.    Bowen denies the allegations in Paragraph 396, except admits that Pax Labs, Inc. Fourth A&R Voting Agreement provided for seven board members and admits that the allegations purport to characterize internal JLI documents.

397.    Bowen denies the allegations in Paragraph 397, except admits that Huh joined JLI's Board of Directors in around May or June 2015 and Asseily joined JLI's Board of Directors around September or October 2015.  Bowen further admits that JLI's Board had seven members as of September 2015.

398.    Bowen denies the allegations in Paragraph 398, except admits some of the allegations purport to characterize statements by Altria's financial advisor.

399.    Bowen denies the allegations in Paragraph 399, except admits that the allegations purport to characterize the December 2016 Fifth Amended and Restated Voting Agreement.

400.    Bowen denies the allegations in Paragraph 400, except admits that the allegations purport to characterize the June 2018 Seventh Amended and Restated Voting Agreement.

401.    Bowen denies the allegations in Paragraph 401, except admits that the allegations purport to characterize the Bylaws of the JLI Board of Directors.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

402.     Bowen denies the allegations in Paragraph 402, except admits that the allegations purport to characterize various statements and documents.

403.     Bowen denies the allegations in Paragraph 403, except admits that the allegations purport to characterize various statements and documents.

404.     Bowen denies the allegations in Paragraph 404.

405.     Bowen denies the allegations in Paragraph 405, except admits that Monsees testified at a hearing before the House Committee on Oversight and Reform Subcommittee on Economic and Consumer Policy.

406.     Bowen denies the allegations in Paragraph 406.

407.     Bowen denies the allegations in Paragraph 407, except admits that some marketing issues may have been discussed with the Board in or around January 2015 and further admits that the allegations purport to characterize various documents and statements.

408.     Bowen denies the allegations in Paragraph 408, except admits some of the allegations purport to characterize statements by Richardson.

409.     Bowen admits that launch and marketing issues may have been discussed among the Board in or around March 2015 and further admits that the allegations in Paragraph 409 purport to characterize documents from a Board presentation.  Except as expressly admitted, Bowen denies the allegations in Paragraph 409.

410.     Bowen denies the allegations in Paragraph 410.

411.     Bowen denies the allegations in Paragraph 411.

412.     Bowen denies the allegations in Paragraph 412, except admits some of the allegations purport to characterize various statements and documents.

413.     Bowen denies the allegations in Paragraph 413, except admits some of the allegations purport to characterize statements attributed to an anonymous former JLI employee.

414.     Bowen denies the allegations in Paragraph 414, except admits some of the allegations purport to characterize various statements and documents.

415.     Bowen denies the allegations in Paragraph 415.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    416.   Bowen denies the allegations in Paragraph 416.

2    417.   Bowen denies the allegations in Paragraph 417.

3    418.   Bowen denies the allegations in Paragraph 418, except admits that some of the

4 allegations purport to characterize statements by Asseily.

5    419.   Bowen denies the allegations in Paragraph 419, except admits some of the allegations

6 purport to characterize statements attributed to Mumby.

7    420.   Bowen denies the allegations in Paragraph 420.

8    421.   Bowen denies the allegations in Paragraph 421.

9    422.   Bowen denies the allegations in Paragraph 422.

10   423.   Bowen denies the allegations in Paragraph 423.

11   424.   Bowen denies the allegations in Paragraph 424, except admits he cofounded Ploom

12 with Monsees.

13   425.   Bowen denies the allegations in Paragraph 425.

14   426.   Bowen denies the allegations in Paragraph 426.

15   427.   Bowen denies the allegations in Paragraph 427.

16   428.   Bowen denies the allegations in Paragraph 428, except admits that Monsees stepped

17 down as JLI's Chief Executive Officer in or around September or October 2015 and that an

18 Executive Committee was formed in October 2015 that consisted of Pritzker, Huh, and Valani.

19   429.   Bowen denies the allegations in Paragraph 429, except admits that Huh and Pritzker

20 served on the executive committee.

21   430.   Bowen denies the allegations in Paragraph 430, except admits some of the allegations

22 purport to characterize an email from Mumby.

23   431.   Bowen denies the allegations in Paragraph 431, except admits some of the allegations

24 purport to characterize a JLI document.

25   432.   Bowen denies the allegations in Paragraph 432.

26   433.   Bowen denies the allegations in Paragraph 433.

27

28

34

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    434.    Bowen admits that the allegations in Paragraph 434 purport to characterize a

2    document and he otherwise denies the allegations.

3    435.    Bowen admits that the allegations in Paragraph 435 purport to characterize various

4    documents and he otherwise denies the allegations.

5    436.    Bowen denies the allegations in Paragraph 436, except admits that Huh was on the

6    Executive Committee and that some of the allegations purport to characterize JLI emails.

7    437.    Bowen denies the allegations in Paragraph 437, except admits they purport to

8    characterize a statement allegedly attributed to Monsees.

9    438.    Bowen denies the allegations in Paragraph 438, except admits they purport to

10   characterize a statement allegedly attributed to Monsees.

11   439.    Bowen denies the allegations in Paragraph 439, except admits the allegations purport

12   to characterize a statement allegedly attributed to Monsees from May 2016.

13   440.    Bowen denies the allegations in Paragraph 440, except admits he did not "terminate[]"

14   his "relationship with JLI."

15   441.    Bowen denies the allegations in Paragraph 441, except admits that Tyler Goldman

16   became Chief Executive Officer in or around June 2016.

17   442.    Bowen denies the allegations in Paragraph 442, except admits that the allegations

18   purport to characterize statements attributed to "a JLI marketing employee."

19   443.    Bowen denies the allegations in Paragraph 443.

20   444.    Bowen denies the allegations in Paragraph 444.

21   445.    Bowen admits the allegations in Paragraph 445 purport to characterize statements by

22   Gould and Pritzker from May 2017 and otherwise denies the allegations therein.

23   446.    Bowen denies the allegations in Paragraph 446, except admits that some of the

24   allegations purport to characterize a JLI document.

25   447.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the

26   allegations in Paragraph 447 and on that basis denies them.

27

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

448.    Bowen denies the allegations in Paragraph 448, except lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 448 regarding the study and on that basis denies them.

449.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 449 and on that basis denies them.

450.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 450 and on that basis denies them.

451.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 451 and on that basis denies them.

452.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 452 and on that basis denies them.

453.    Bowen admits that Pritzker, Valani, and Burns were involved in discussions with Altria representatives regarding an Altria investment in JLI's business and Bowen lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding the Altria participants.  Except as expressly admitted, Bowen denies the remaining allegations in Paragraph 453.

454.    Bowen denies the allegations in Paragraph 454, except admits that some of the allegations purport to characterize Altria documents.

455.    Bowen denies the allegations in Paragraph 455, except admits that some of the allegations purport to characterize Altria documents.

456.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 456 and on that basis denies them, except admits that Pritzker, Valani, and Burns were involved in discussions with Altria representatives regarding an Altria investment in JLI's business.

457.    Bowen admits that Pritzker and Valani were involved in discussions with Altria representatives regarding an Altria investment in JLI's business and otherwise denies the allegations in Paragraph 457.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1  458.    Bowen lacks knowledge or information sufficient to form a belief about the truth of
2  the allegations in Paragraph 458 and on that basis denies them.

3  459.    Bowen lacks knowledge or information sufficient to form a belief about the truth of
4  the allegations in Paragraph 459 and on that basis denies them.

5  460.    Bowen lacks knowledge or information sufficient to form a belief about the truth of
6  the allegations in Paragraph 460 and on that basis denies them.

7  461.    Bowen denies the allegations in Paragraph 461, accept admits that one of the
8  allegations purports to characterize statements attributed to individuals at JLI and further admits he
9  was aware from "early on" that underage individuals should not use products containing nicotine.

10  462.    Bowen denies the allegations in Paragraph 462.

11  463.    Bowen denies the allegations in Paragraph 463.

12  464.    Bowen denies the allegations in Paragraph 464, except admits he sent an email to
13  Tyler Goldman.

14  465.    Bowen lacks knowledge or information sufficient to form a belief about the truth of
15  the allegations in Paragraph 465 and on that basis denies them.

16  466.    Bowen lacks knowledge or information sufficient to form a belief about the truth of
17  the allegations in Paragraph 466 and on that basis denies them.

18  467.    Bowen lacks knowledge or information sufficient to form a belief about the truth of
19  the allegations in Paragraph 467 and on that basis denies them.

20  468.    Bowen denies the allegations in Paragraph 468.

21  469.    Bowen denies the allegations in Paragraph 469, except admits some of the allegations
22  purport to characterize various statements by JLI employees.

23  470.    Bowen denies the allegations in Paragraph 470.

24  471.    Bowen lacks knowledge or information sufficient to form a belief about the truth of
25  the allegations in Paragraph 471 and on that basis denies them.

26  472.    Bowen lacks knowledge or information sufficient to form a belief about the truth of
27  the allegations in Paragraph 472 and on that basis denies them.

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

473.     Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 473 and on that basis denies them.

474.     Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 474 and on that basis denies them.

475.     Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 475 and on that basis denies them.

476.     Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 476 and on that basis denies them.

477.     Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 477 and on that basis denies them.

478.     Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 478 and on that basis denies them.

479.     Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 479 and on that basis denies them.

480.     Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 480 and on that basis denies them.

481.     Bowen denies the allegations in Paragraph 481, except admits that JLI has monitored some social media activity.

482.     Bowen denies the allegations in Paragraph 482.

483.     Bowen denies the allegations in Paragraph 483.

484.     Bowen denies the allegations in Paragraph 484.

485.     Bowen admits that JLI engaged Veratad Technologies, LLC ("Veratad") to provide age verification services.  Bowen otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 485 and on that basis denies them.

486.     Bowen denies the allegations in Paragraph 486.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    487.    Bowen lacks knowledge or information sufficient to form a belief about the truth of
2  the allegations in Paragraph 487, except admits that JLI engaged Veratad to provide age verification
3  services for JUUL products in around 2015.

4    488.    Bowen denies the allegations in Paragraph 488, except admits that JLI used Veratad to
5  verify the age and identity of visitors to JLI's website from the time of the launch and that JLI
6  undertook various efforts to prevent online sales to underage users.

7    489.    Bowen lacks knowledge or information sufficient to form a belief about the truth of
8  the allegations in Paragraph 489, except admits that JLI used Veratad to verify the age and identity of
9  visitors to JLI's website from the time of the launch and undertook various efforts to prevent online
10  sales to underage users.

11    490.    Bowen denies the allegations in Paragraph 490, except admits that JLI used Veratad to
12  verify the age and identity of visitors to JLI's website from the time of the launch, undertook various
13  efforts to prevent online sales to underage users, and sent Veratad a minimum purchasing age.

14    491.    Bowen denies the allegations in Paragraph 491, except admits that some of the
15  allegations purport to characterize a document written by an unidentified "JLI employee."

16    492.    Bowen denies the allegations in Paragraph 492, except admits that the allegations
17  purport to characterize internal JLI emails.

18    493.    Bowen denies the allegations in Paragraph 493, except admits the allegations purport
19  to characterize internal JLI documents.

20    494.    Bowen denies the allegations in Paragraph 494.

21    495.    Bowen denies the allegations in Paragraph 495.

22    496.    Bowen denies the allegations in Paragraph 496, except admits they purport to
23  characterize a Veratad Performance report.

24    497.    Bowen denies the allegations in Paragraph 497.

25    498.    Bowen denies the allegations in Paragraph 498.

26    499.    Bowen denies the allegations in Paragraph 499.

27    500.    Bowen denies the allegations in Paragraph 500.

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    501.    Bowen denies the allegations in Paragraph 501.

2    502.    Bowen denies the allegations in Paragraph 502, except admits that some of the

3    allegations purport to characterize statements issued by JLI.

4    503.    Bowen denies the allegations in Paragraph 503, except admits that, in August 2017,

5    JLI raised the minimum age of purchase on its e-commerce site to 21+.

6    504.    Bowen denies the allegations in Paragraph 504.

7    505.    Bowen denies the allegations in Paragraph 505.

8    506.    Bowen denies the allegations in Paragraph 506, except admits that some of the

9    allegations purport to characterize various tweets and content from JLI's website.

10    507.    Bowen denies the allegations in Paragraph 507.

11    508.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

12    the allegations in Paragraph 508, and on that basis denies them.

13    509.    Bowen denies the allegations in Paragraph 509.

14    510.    Bowen denies the allegations in Paragraph 510.

15    511.    Bowen denies the allegations in Paragraph 511.

16    512.    Bowen denies the allegations in Paragraph 512, except admits that some of the

17    allegations purport to characterize Congressional testimony.

18    513.    Bowen denies the allegations in Paragraph 513.

19    514.    Bowen denies the allegations in Paragraph 514, except admits that some of the

20    allegations purport to characterize various internal JLI communications and documents.

21    515.    Bowen denies that JLI "bought access to teenagers" and otherwise lacks knowledge or

22    information sufficient to admit or deny the remaining allegations in Paragraph 515 and on that basis

23    denies them.

24    516.    Bowen denies the allegations in Paragraph 516, except admits that some of the

25    allegations purport to characterize JLI documents.

26    517.    Bowen denies the allegations in Paragraph 517, except admits that some of the

27    allegations purport to characterize statements by Valani and/or Pritzker.

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

518. Bowen denies the allegations in Paragraph 518, except admits that the FDA issued various communications in 2018.

519. Bowen denies the allegations in Paragraph 519.

520. Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 520 and on that basis denies them, except admits that JLI received letters from the FDA.

521. Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 521 and on that basis denies them except admits that JLI received letters from the FDA.

522. Bowen denies the allegations in Paragraph 522, except admits that government authorities have opened investigations.

523. Bowen denies the allegations in Paragraph 523, except admits that they purport to characterize a statement by Breja.

524. Bowen denies the allegations in Paragraph 524.

525. Bowen denies the allegations in Paragraph 525, except admits that senators signed a letter addressed to JLI in or around April 2019.

526. Bowen denies the allegations in Paragraph 526, except admits that JLI has not targeted underage users and that some of the allegations in Paragraph 526 purport to characterize various statements by individuals at JLI, including by Bowen himself.

527. Bowen denies the allegations in Paragraph 527

528. Bowen denies the allegations in Paragraph 528.

529. Bowen denies the allegations in Paragraph 529, except admits some of the allegations purport to characterize various statements by JLI or Altria.

530. Bowen denies the allegations in Paragraph 530.

531. Bowen denies the allegations in Paragraph 531.

532. Bowen denies the allegations in Paragraph 532, except admits that some of the allegations purport to characterize a letter from the National Association of Attorneys General.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    533.    Bowen denies the allegations in Paragraph 533, except admits that in December 2018,

2  Altria closed a $12.8 billion investment in JLI, and admits that he lives in the San Francisco Bay

3  Area.

4    534.    Bowen denies the allegations in Paragraph 534.

5    535.    Bowen denies the allegations in Paragraph 535.

6    536.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the

7  allegations in Paragraph 536 and on that basis denies them, except admits that some of the allegations

8  purport to characterize an Altria document.

9    537.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of

10  the allegations in Paragraph 537 and on that basis denies them.

11    538.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of

12  the allegations in Paragraph 538 and on that basis denies them.

13    539.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the

14  allegations in Paragraph 539 and on that basis denies them, except admits that some of the allegations

15  purport to characterize an Altria document.

16    540.    Bowen denies the allegations in Paragraph 540.

17    541.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of

18  the allegations in Paragraph 541 and on that basis denies them, except admits that representatives

19  from Altria and JLI met in San Francisco in around April 2017, that Mr. Crosthwaite previously

20  served as Altria's Vice President of Strategy and Business Development, and that he became JLI's

21  Chief Executive Officer after Kevin Burns resigned in around September 2019.

22    542.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of

23  the allegations in Paragraph 542, and therefore denies them on that basis, except admits that some of

24  the allegations purport to characterize documents.

25    543.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of

26  the allegations in Paragraph 543, and therefore denies them on that basis, except admits that some of

27  the allegations purport to characterize Altria documents.

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

544.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 544, and therefore denies them on that basis, except admits that some of the allegations purport to characterize Altria documents.

545.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 545, and therefore denies them on that basis, except admits that some of the allegations purport to characterize Altria documents.

546.    Bowen denies the allegations in Paragraph 546.

547.    Bowen denies the allegations in Paragraph 547, except lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding messaging applications and therefore denies them on that basis.

548.    Bowen denies the allegations in Paragraph 548.

549.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 549, and therefore denies them on that basis, except admits that some of the allegations purport to characterize Altria documents.

550.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 550 and therefore denies them on that basis, except admits that some of the allegations purport to characterize Altria documents.

551.    Bowen denies the allegations in Paragraph 551.

552.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 552 and therefore denies them on that basis, except admits that some of the allegations purport to characterize Altria documents.

553.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 553 and therefore denies them on that basis, except admits that some of the allegations purport to characterize Altria documents.

554.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 554 and therefore denies them on that basis, except admits that some of the allegations purport to characterize Altria documents.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

555.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 555 and therefore denies them on that basis, except admits that some of the allegations purport to characterize Altria and JLI documents.

556.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 556 and therefore denies them on that basis, except admits that some of the allegations purport to characterize Altria documents.

557.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 557 and therefore denies them on that basis, except admits that some of the allegations purport to characterize Altria documents.

558.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 558 and therefore denies them on that basis, except admits that some of the allegations purport to characterize Altria documents.

559.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 559 and therefore denies them on that basis, except admits that some of the allegations purport to characterize Altria documents.

560.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 560 and therefore denies them on that basis, except admits that some of the allegations purport to characterize Altria documents.

561.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 561 and therefore denies them on that basis, except admits that some of the allegations purport to characterize Altria documents.

562.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 562 and therefore denies them on that basis, except admits that some of the allegations purport to characterize Altria documents.

563.    Bowen denies the allegations in Paragraph 563.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

564.   Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 564 and therefore denies them on that basis, except admits that some of the allegations purport to characterize Altria documents.

565.   Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 565 and therefore denies them on that basis, except admits that some of the allegations purport to characterize Altria documents.

566.   Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 566 and therefore denies them on that basis, except admits that some of the allegations purport to characterize Altria and JLI documents.

567.   Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 567 and therefore denies them on that basis, except admits that some of the allegations purport to characterize JLI documents.

568.   Bowen denies the allegations in Paragraph 568.

569.   Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 569 and therefore denies them on that basis, except admits that some of the allegations purport to characterize JLI documents.

570.   Bowen denies the allegations in Paragraph 570, except admits that, in December 2018, Altria closed a $12.8 billion investment in JLI's business, and that he attended meetings regarding that investment.

571.   Bowen denies the allegations in Paragraph 571.

572.   Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 572 and therefore denies them on that basis, except admits that some of the allegations purport to characterize a letter from Howard Willard.

573.   Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 573 and therefore denies them on that basis, except admits that some of the allegations purport to characterize JLI documents.

574.   Bowen denies the allegations in Paragraph 574.

45

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    575.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of
2  the allegations in Paragraph 575 and therefore denies them on that basis, except admits that the FDA
3  published a notice of proposed rulemaking regarding ENDS flavor regulations in around July 2017,
4  and admits that some of the allegations purport to characterize JLI documents.

5    576.    Bowen denies the allegations in Paragraph 576, except admits that some of the
6  allegations purport to characterize an email from Gould.

7    577.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of
8  the allegations in Paragraph 577 and therefore denies them on that basis, except admits some of the
9  allegations purport to characterize JLI documents.

10    578.    Bowen denies the allegations in Paragraph 578, lacks information and knowledge
11 sufficient to form a belief as to the truth of the allegations about Altria's expectation and therefore
12 denies them on that basis.

13    579.    Bowen denies the allegations in Paragraph 579.

14    580.    Bowen denies the allegations in Paragraph 580.

15    581.    Bowen denies the allegations in Paragraph 581.

16    582.    Bowen denies the allegations in Paragraph 582, except admits that the transaction
17 between JLI and Altria included an agreement providing that JLI may, for a fee, ask that Altria
18 provide JLI access to certain retail shelf space.

19    583.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of
20 the allegations in Paragraph 583 and therefore denies them on that basis.

21    584.    Bowen denies JLI had any "ill-gotten market share" and otherwise lacks information
22 and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 584 and
23 therefore denies them on that basis.

24    585.    Bowen denies the allegations in Paragraph 585, except admits that the transaction
25 between JLI and Altria included an agreement providing that JLI may, for a fee, ask that Altria
26 provide JLI access to certain retail shelf space.

27    586.    Bowen denies the allegations in Paragraph 586.

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

587.    Bowen denies the allegations in Paragraph 587, except admits that, in December 2018, Altria closed a $12.8 billion investment in JLI's business, representing a 35% economic interest in the company.

588.    Bowen denies the allegations in Paragraph 588, except admits that some of the allegations purport to characterize statements by Howard Willard.

589.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 589 and therefore denies them on that basis.

590.    Bowen denies the allegations in Paragraph 590, except admits that, in December 2018, Altria closed a $12.8 billion investment in JLI's business, representing a 35% economic interest in the company, and admits that some of the allegations purport to quote or characterize press articles.

591.    Bowen denies the allegations in Paragraph 591.

592.    Bowen denies the allegations in Paragraph 592.

593.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 593 and therefore denies them on that basis.

594.    Bowen denies the allegations in Paragraph 594, except admits that Crosthwaite previously served as Altria's chief growth officer before becoming JLI's Chief Executive Officer, and admits that Murillo previously worked for Altria before becoming JLI's Chief Regulatory Officer.

595.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 595 and therefore denies them on that basis.

596.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 596 and therefore denies them on that basis, except admits that some of the allegations purport to characterize Altria documents.

597.    Bowen denies the allegations in Paragraph 597, except lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 597 about Altria's plan and therefore denies them on that basis.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    598.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of

2    the allegations in Paragraph 598 and therefore denies them on that basis.

3    599.    Bowen admits that he attended a dinner in or around March 2019 with Willard,

4    Gifford, Crosthwaite, Monsees, Pritzker, Valani and others.  Except as expressly admitted, Bowen

5    lacks information and knowledge sufficient to form a belief as to the truth of the remaining

6    allegations in Paragraph 599 and therefore denies them on that basis.

7    600.    Bowen denies the allegations in Paragraph 600, except he lacks information and

8    knowledge sufficient to form a belief as to the truth of the allegations regarding interactions between

9    Pritzker and Crosthwaite and therefore denies them on that basis.

10    601.    Bowen denies the allegations in Paragraph 601.

11    602.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of

12    the allegations in Paragraph 602 and therefore denies them on that basis.

13    603.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of

14    the allegations in Paragraph 603 and therefore denies them on that basis.

15    604.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of

16    the allegations in Paragraph 604 and therefore denies them on that basis.

17    605.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of

18    the allegations in Paragraph 605 and therefore denies them on that basis, except admits that some of

19    the allegations purport to characterize documents.

20    606.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of

21    the allegations in Paragraph 606 and therefore denies them on that basis.

22    607.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of

23    the allegations in Paragraph 607 and therefore denies them on that basis.

24    608.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of

25    the allegations in Paragraph 608 and therefore denies them on that basis, except admits he attended a

26    dinner in or around September 2019 with Monsees, Pritzker, Valani and Crosthwaite.

27

28

BOWEN ANSWER TO WESTFAUL
                                            SECOND AMENDED COMPLAINT
                                            Case No.: 19-md-02913-WHO

609.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 609 and therefore denies them on that basis, except admits that the Board offered Crosthwaite a leadership position at JLI.

610.    Bowen admits that in or around September 2019 the Board accepted CEO Burns's resignation and approved the appointment of Crosthwaite to the position of CEO and otherwise denies the allegations in Paragraph 610.

611.    Bowen denies the allegations in Paragraph 611, except admits that Crosthwaite became CEO in or around September 2019 and Murillo became Chief Regulatory Officer in or around October 2019.

612.    Bowen denies the allegations in Paragraph 612, except admits that some of the allegations in Paragraph 612 purport to characterize a letter from Willard.

613.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 613 and denies them on that basis, except admits that some of the allegations purport to characterize an Altria document.

614.    Bowen denies the allegations in Paragraph 614.

615.    Bowen admits that the allegations in Paragraph 615 purport to characterize various agreements between JLI and Altria, and, except as expressly admitted, otherwise denies the allegations.

616.    Bowen denies the allegations in Paragraph 616, except admits that JUUL products typically have been sold in about 90,000 retail stores.

617.    Bowen admits that the allegations in Paragraph 617 purport to characterize terms of agreements between JLI and Altria and, except as expressly admitted, otherwise denies the allegations.

618.    Bowen denies the allegations in Paragraph 618.

619.    Bowen denies the allegations in Paragraph 619.

620.    Bowen lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 620 and therefore denies them on that basis.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1   621.   Bowen lacks information and knowledge sufficient to form a belief as to the truth of

2   the allegations in Paragraph 621 and therefore denies them on that basis.

3   622.   Bowen lacks information and knowledge sufficient to form a belief as to the truth of

4   the allegations in Paragraph 622 and therefore denies them on that basis, except admits that certain

5   allegations purport to characterize statements by Altria and JLI personnel.

6   623.   Bowen admits that Altria Client Services LLC agreed to provide PMTA and

7   marketing support services and otherwise denies the allegations in Paragraph 623.

8   624.   Bowen admits that Altria Client Services LLC agreed to provide PMTA support

9   services and admits that the allegations in Paragraph 624 purport to characterize those services.

10  Except as expressly admitted, Bowen denies the allegations.

11  625.   Bowen admits that Altria Client Services LLC agreed to provide marketing support

12  services and admits that the allegations in Paragraph 625 purport to characterize those services.

13  Except as expressly admitted, Bowen denies the allegations.

14  626.   Bowen admits that Altria Client Services LLC agreed to provide marketing support

15  services and admits that the allegations in Paragraph 626 purport to characterize those services.

16  Except as expressly admitted, Bowen denies the allegations.

17  627.   Bowen denies the allegations in Paragraph 627.

18  628.   Bowen denies the allegations in Paragraph 628.

19  629.   Bowen denies the allegations in Paragraph 629.

20  630.   Bowen denies the allegations in Paragraph 630.

21  631.   Bowen denies the allegations in Paragraph 631.

22  632.   Bowen denies the allegations in Paragraph 632.

23  633.   Bowen denies the allegations in Paragraph 633.

24  634.   Bowen denies the allegations in Paragraph 634.

25  635.   Bowen denies the allegations in Paragraph 635.

26  636.   Bowen lacks knowledge or information sufficient to form a belief about the truth of

27  the allegations in Paragraph 636 and on that basis denies them.

28

BOWEN ANSWER TO WESTFAUL
                                    SECOND AMENDED COMPLAINT
                                    Case No.: 19-md-02913-WHO

637.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 637 and on that basis denies them.

638.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 638 and on that basis denies them.

639.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 639 and on that basis denies them.

640.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 640 and on that basis denies them.

641.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 641 and on that basis denies them.

642.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 642 and on that basis denies them.

643.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 643 and on that basis denies them.

644.    Bowen admits that the allegations in Paragraph 644 purport to characterize various statements about underage use of e-cigarettes and he otherwise denies the allegations therein.

645.    Bowen denies the allegations in Paragraph 645, except admits that some of the allegations purport to characterize a Surgeon General advisory.

646.    Bowen denies the allegations in Paragraph 646.

647.    Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 647 and on that basis denies them.

648.    Bowen denies the allegations in Paragraph 648.

649.    Bowen denies the allegations in Paragraph 649.

650.    Bowen denies the allegations in Paragraph 650, except admits that some the allegations therein purport to characterize various reports and articles.

651.    Bowen denies the allegations in Paragraph 651.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    652.    Bowen admits that the allegations in Paragraph 652 purport to characterize the Family

2  Smoking Prevention and Tobacco Control Act.

3    653.    The allegations in Paragraph 653 set forth a legal conclusion to which no response is

4  required.  To the extent a response is required, Bowen admits that the allegations purport to

5  characterize legal components of the TCA and he otherwise denies the allegations therein.

6    654.    The allegations in Paragraph 654 set forth a legal conclusion to which no response is

7  required.  To the extent a response is required, Bowen admits that the allegations purport to

8  characterize legal components of the TCA and he otherwise denies the allegations therein.

9    655.    Bowen admits that the FDA issued the referenced proposed rule on around April 25,

10  2014, and that the allegations in Paragraph 655 purport to characterize the proposed rule.

11    656.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

12  the allegations in Paragraph 656 and on that basis denies them.

13    657.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

14  the allegations in Paragraph 657 and on that basis denies them.

15    658.    Bowen lacks knowledge or information sufficient to form a belief about the truth of

16  the allegations in Paragraph 658 and on that basis denies them.

17    659.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the

18  allegations in Paragraph 659 and denies them on that basis.

19    660.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the

20  allegations in Paragraph 660 and denies them on that basis.

21    661.    Bowen denies the allegations in Paragraph 661.

22    662.    Bowen denies the allegations in Paragraph 662, except admits Gottlieb issued the four-

23  year extension and previously served on the Board of Kure.

24    663.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the

25  allegations in Paragraph 663 and denies them on that basis.

26    664.    Bowen denies the allegations in Paragraph 664.

27    665.    Bowen denies the allegations in Paragraph 665.

28

                                   BOWEN ANSWER TO WESTFAUL
                                   SECOND AMENDED COMPLAINT
                                   Case No.: 19-md-02913-WHO

1    666.   Bowen denies the allegations in Paragraph 666, except admits that JLI met with the
2    FDA in around August 2018 to discuss proposed youth behavioral studies.

3    667.   Bowen denies the allegations in Paragraph 667, except admits that JLI provided a
4    study to the FDA in or around November 2018 and further admits that the allegations purport to
5    characterize the results of that study.

6    668.   Bowen denies the allegations in Paragraph 668.

7    669.   Bowen denies the allegations in Paragraph 669.

8    670.   Bowen denies the allegations in Paragraph 670.

9    671.   Bowen denies the allegations in Paragraph 671.

10   672.   Bowen denies the allegations in Paragraph 672.

11   673.   Bowen denies the allegations in Paragraph 673.

12   674.   Bowen denies the allegations in Paragraph 674, except admits that in November 2018,
13   JLI announced the JUUL Labs Action Plan, that JLI held a meeting with the FDA in October 2018,
14   and that some of the allegations purport to characterize the November 2018 JUUL Labs Action Plan.

15   675.   Bowen denies the allegations in Paragraph 675, except admits that JLI sold Mint
16   JUULpods online and to distributors and retailers for resale under November 2019, and admits that
17   JLI sells Menthol JUULpods.

18   676.   Bowen denies the allegations in Paragraph 676.

19   677.   Bowen denies the allegations in Paragraph 677.

20   678.   Bowen denies the allegations in Paragraph 678.

21   679.   Bowen denies the allegations in Paragraph 679.

22   680.   Bowen denies the allegations in Paragraph 680.

23   681.   Bowen denies the allegations in Paragraph 681.

24   682.   Bowen lacks knowledge or information sufficient to form a belief as to the truth of the
25   allegations in Paragraph 682 and therefore denies them on that basis.

26   683.   Bowen denies the allegations in Paragraph 683, except admits that some of the
27   allegations purport to characterize an earnings call transcript.

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    684.    Bowen denies the allegations in Paragraph 684, except admits that some of the

2    allegations purport to characterize an earnings call transcript.

3    685.    Bowen denies the allegations in Paragraph 685.

4    686.    Bowen denies the allegations in Paragraph 686, except admits that K.C. Crosthwaite is

5    the current CEO of JLI and was the Vice President of Strategy and Business Development of Altria

6    Client Services in the Spring of 2017, and admits some of the allegations purport to characterize a

7    letter from Willard.

8    687.    Bowen denies the allegations in Paragraph 687.

9    688.    Bowen denies the allegations in Paragraph 688.

10   689.    Bowen denies the allegations in Paragraph 689.

11   690.    Bowen denies the allegations in Paragraph 690.

12   691.    Bowen denies the allegations in Paragraph 691.

13   692.    Bowen denies the allegations in Paragraph 692, except admits that, in December 2018,

14   Altria closed a $12.8 billion investment in JLI's business.

15   693.    Bowen denies the allegations in Paragraph 693, except admits that some of the

16   allegations purport to characterize letters from Gottlieb.

17   694.    Bowen denies the allegations in Paragraph 694, except admits that some of the

18   allegations purport to characterize a letter from Gottlieb.

19   695.    Bowen denies the allegations in Paragraph 695, except admits that representatives

20   from JLI and Altria met with Gottlieb in around March 2019, and admits that some of the allegations

21   purport to characterize letters from Gottlieb.

22   696.    Bowen denies the allegations in Paragraph 696, except admits that some of the

23   allegations purport to characterize statements by Gottlieb and admits Gottlieb resigned from his

24   position as Commissioner of the FDA.

25   697.    Bowen denies the allegations in Paragraph 697, except admits that JLI ceased the sale

26   and distribution of Mint JUULpods through all JLI-controlled channels in the U.S. in or around

27   November 2019.

28

BOWEN ANSWER TO WESTFAUL
                          SECOND AMENDED COMPLAINT
                          Case No.: 19-md-02913-WHO

698.   Bowen denies the allegations in Paragraph 698.

699.   Bowen admits that JLI sells Menthol JUULpods in response to Paragraph 699.

700.   Bowen denies the allegations in Paragraph 700, except admits that the FDA initiated an investigation into e-cigarettes, admits the FDA issued a four-year extension to the 2016 deeming rule, and admits that a lawsuit was filed challenging that extension.

701.   Bowen denies the allegations in Paragraph 701, except admits that some of the allegations purport to characterize a court order from a lawsuit against the FDA.

702.   Bowen denies the allegations in Paragraph 702, except admits that in or around January 2020, the FDA issued guidance and the allegations purport to characterize that.

703.   Bowen admits that the allegations in Paragraph 703, purport to characterize various studies, and he otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

704.   Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 704 and on that basis denies them.

705.   Bowen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 705 and on that basis denies them.

706.   Bowen denies the allegations in Paragraph 706.

707.   Bowen denies the allegations in Paragraph 707.

708.   Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 708, and upon that ground denies the allegations.

709.   Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 709, and upon that ground denies the allegations.

710.   Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 710, and upon that ground denies the allegations.

711.   Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 711, and upon that ground denies the allegations.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

712.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 712, and upon that ground denies the allegations.

713.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 713, and upon that ground denies the allegations.

714.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 714, and upon that ground denies the allegations.

715.    Bowen denies the allegations in Paragraph 715.

716.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 716, and upon that ground denies the allegations.

717.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 717, and upon that ground denies the allegations.

718.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 718, and upon that ground denies the allegations.

719.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 719, and upon that ground denies the allegations.

720.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 720, and upon that ground denies the allegations.

721.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 721, and upon that ground denies the allegations.

722.    Bowen denies the allegations regarding the steps JLI took to warn the public and consumers of the risk of JUUL products, and lacks knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 722, and upon that ground denies the allegations.

723.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 723, and upon that ground denies the allegations.

724.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 724, and upon that ground denies the allegations.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

725.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 725, and upon that ground denies the allegations.

726.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 726, and upon that ground denies the allegations.

727.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 727, and upon that ground denies the allegations.

728.    Bowen denies the allegations in Paragraph 728.

729.    Bowen denies the allegations in Paragraph 729.

730.    Bowen denies the allegations in Paragraph 730.

731.    Bowen denies the allegations in Paragraph 731.

732.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 732, and upon that ground denies the allegations.

733.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 733, and upon that ground denies the allegations.

734.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 734, and upon that ground denies the allegations.

735.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 735, and upon that ground denies the allegations.

736.    Bowen denies the allegations in Paragraph 736.

737.    Bowen denies the allegations in Paragraph 737.

738.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 738, and upon that ground denies the allegations, except admits that the allegations purport to characterize an FDA statement.

739.    Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 739, and upon that ground denies the allegations, except admits that the allegations purport to characterize an FDA statement.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1   740.   Bowen denies the allegations in Paragraph 740, except lacks knowledge or

2   information sufficient to form a belief as to the truth of the allegations regarding nicotine toxicity and

3   long-term nicotine exposure, and upon that ground denies those allegations, except admits that the

4   allegations purport to characterize an FDA statement.

5   741.   Bowen denies the allegations in Paragraph 741.

6   742.   Bowen denies the allegations in Paragraph 742.

7   743.   Bowen denies the allegations in Paragraph 743.

8   744.   Bowen lacks knowledge or information sufficient to form a belief as to the truth of the

9   allegations contained in Paragraph 744, and upon that ground denies the allegations.

10   745.   Bowen denies the allegations in Paragraph 745.

11   746.   Bowen lacks knowledge or information sufficient to form a belief as to the truth of the

12   allegations in Paragraph 746 and on that basis denies them.

13   747.   Bowen denies the allegations in Paragraph 747, except lacks knowledge or

14   information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's activities,

15   and upon that ground denies the allegations.

16   748.   Bowen denies the allegations in Paragraph 748, except lacks knowledge or

17   information sufficient to form a belief as to the truth of the allegations regarding the number of

18   emails Plaintiff has received, and upon that ground denies the allegations.

19   749.   Bowen lacks knowledge or information sufficient to form a belief as to the truth of the

20   allegations contained in Paragraph 749, and upon that ground denies the allegations.

21   750.   Bowen lacks knowledge or information sufficient to form a belief as to the truth of the

22   allegations contained in Paragraph 750, and upon that ground denies the allegations.

23   751.   Bowen lacks knowledge or information sufficient to form a belief as to the truth of the

24   allegations contained in Paragraph 751, and upon that ground denies the allegations.

25   752.   Bowen lacks knowledge or information sufficient to form a belief as to the truth of the

26   allegations contained in Paragraph 752, and upon that ground denies the allegations.

27

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

753.     Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 753, and upon that ground denies the allegations.

754.     Bowen denies the allegations in Paragraph 754.

755.     Bowen denies the allegations in Paragraph 755.

756.     Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 756, and upon that ground denies the allegations.

757.     Bowen denies the allegations in Paragraph 757, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's struggle with nicotine addiction, and upon that ground denies those allegations.

758.     Bowen denies the allegations in Paragraph 758.

759.     Bowen denies that Plaintiff is entitled to the relief enumerated in Paragraph 759 or any relief.

### CAUSE OF ACTION I: MPLA – STRICT LIABILITY AGAINST JLI

760.     Bowen incorporates by reference his responses to each preceding and succeeding paragraph as though set forth fully herein in response to Paragraph 760.  Bowen admits that Plaintiff purports to bring the causes of action in the Amended Complaint, however Plaintiff does not bring this claim against Bowen and therefore no response is required to the remaining allegations in Paragraph 760.

**DESIGN DEFECT**

761.     Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 761.

762.     Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 762.

763.     Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 763.

764.     Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 764.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    765.    Plaintiff does not bring this claim against Bowen and therefore no response is required
2    to Paragraph 765.

3    766.    Plaintiff does not bring this claim against Bowen and therefore no response is required
4    to Paragraph 766.

5    767.    Plaintiff does not bring this claim against Bowen and therefore no response is required
6    to Paragraph 767.

7    768.    Plaintiff does not bring this claim against Bowen and therefore no response is required
8    to Paragraph 768.

9    769.    Plaintiff does not bring this claim against Bowen and therefore no response is required
10   to Paragraph 769.

11   770.    Plaintiff does not bring this claim against Bowen and therefore no response is required
12   to Paragraph 770.

13   771.    Plaintiff does not bring this claim against Bowen and therefore no response is required
14   to Paragraph 771.

15   772.    Plaintiff does not bring this claim against Bowen and therefore no response is required
16   to Paragraph 772.

17   773.    Plaintiff does not bring this claim against Bowen and therefore no response is required
18   to Paragraph 773.

19   774.    Plaintiff does not bring this claim against Bowen and therefore no response is required
20   to Paragraph 774.

21   775.    Plaintiff does not bring this claim against Bowen and therefore no response is required
22   to Paragraph 775.

23   776.    Plaintiff does not bring this claim against Bowen and therefore no response is required
24   to Paragraph 776.

25   777.    Plaintiff does not bring this claim against Bowen and therefore no response is required
26   to Paragraph 777.

27

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    778.    Plaintiff does not bring this claim against Bowen and therefore no response is required
2    to Paragraph 778.

3    779.    Plaintiff does not bring this claim against Bowen and therefore no response is required
4    to Paragraph 779.

5    **FAILURE TO WARN**

6    780.    Plaintiff does not bring this claim against Bowen and therefore no response is required
7    to Paragraph 780.

8    781.    Plaintiff does not bring this claim against Bowen and therefore no response is required
9    to Paragraph 781.

10    782.    Plaintiff does not bring this claim against Bowen and therefore no response is required
11    to Paragraph 782.

12    783.    Plaintiff does not bring this claim against Bowen and therefore no response is required
13    to Paragraph 783.

14    784.    Plaintiff does not bring this claim against Bowen and therefore no response is required
15    to Paragraph 784.

16    785.    Plaintiff does not bring this claim against Bowen and therefore no response is required
17    to Paragraph 785.

18    786.    Plaintiff does not bring this claim against Bowen and therefore no response is required
19    to Paragraph 786.

20    787.    Plaintiff does not bring this claim against Bowen and therefore no response is required
21    to Paragraph 787.

22    788.    Plaintiff does not bring this claim against Bowen and therefore no response is required
23    to Paragraph 788.

24    789.    Plaintiff does not bring this claim against Bowen and therefore no response is required
25    to Paragraph 789.

26    790.    Plaintiff does not bring this claim against Bowen and therefore no response is required
27    to Paragraph 790.

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

791.     Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 791.

792.     Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 792.

793.     Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 793.

794.     Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 794.

**MANUFACTURING DEFECT**

795.     Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 795.

796.     Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 796.

797.     Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 797.

798.     Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 798.

799.     Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 799.

800.     Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 800.

801.     Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 801.

802.     Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 802.

803.     Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 803.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1   804.   Plaintiff does not bring this claim against Bowen and therefore no response is required
2   to Paragraph 804.

3   **CAUSE OF ACTION II: MPLA – NEGLIGENCE AGAINST JLI and the MANAGEMENT**
4   **DEFENDANTS**

5   805.   Bowen incorporates by reference his responses to each preceding and succeeding
6   paragraph as though set forth fully herein in response to Paragraph 805.

7   806.   Bowen admits that Plaintiff purports to bring the causes of action in the Amended
8   Complaint, and denies the remaining allegations in Paragraph 806.

9   **NEGLIGENCE**

10   807.   Bowen denies the allegations in Paragraph 807.

11   808.   Bowen denies the allegations in Paragraph 808.

12   809.   Bowen denies the allegations in Paragraph 809.

13   810.   Bowen denies the allegations in Paragraph 810.

14   811.   Bowen denies the allegations in Paragraph 811.

15   812.   Bowen denies the allegations in Paragraph 812.

16   813.   Bowen denies the allegations in Paragraph 813.

17   814.   Bowen denies the allegations in Paragraph 814.

18   815.   Bowen denies the allegations in Paragraph 815.

19   816.   Bowen denies the allegations in Paragraph 816.

20   817.   Bowen denies the allegations in Paragraph 817.

21   818.   Bowen denies the allegations in Paragraph 818.

22   819.   Bowen denies the allegations in Paragraph 819.

23   820.   Bowen denies the allegations in Paragraph 820.

24   821.   Bowen denies the allegations in Paragraph 821.

25   822.   Bowen denies the allegations in Paragraph 822.

26   823.   Bowen denies the allegations in Paragraph 823.

27   824.   Bowen denies the allegations in Paragraph 824.

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    825.    Bowen denies the allegations in Paragraph 825.

2    826.    Bowen denies Plaintiff is entitled to the relief enumerated in Paragraph 826 or any

3    relief.

4    **NEGLIGENT MISREPRESENTATION**

5    827.    Bowen incorporates by reference his responses to each preceding and succeeding

6    paragraph as though set forth fully herein in response to Paragraph 827.

7    828.    Bowen denies the allegations in Paragraph 828.

8    829.    Bowen denies the allegations in Paragraph 829.

9    830.    Bowen denies the allegations in Paragraph 830.

10   831.    Bowen denies the allegations in Paragraph 831.

11   832.    Bowen denies the allegations in Paragraph 832.

12   833.    Bowen denies the allegations in Paragraph 833.

13   834.    Bowen denies the allegations in Paragraph 834.

14   835.    Bowen denies the allegations in Paragraph 835.

15   836.    Bowen denies the allegations in Paragraph 836.

16   837.    Bowen denies the allegations in Paragraph 837.

17   838.    Bowen denies the allegations in Paragraph 838.

18   839.    Bowen denies the allegations in Paragraph 839.

19   840.    Bowen denies Plaintiff is entitled to the relief enumerated in Paragraph 840 or any

20   relief.

21   **NEGLIGENT FAILURE TO WARN**

22   841.    Bowen denies the allegations in Paragraph 841.

23   842.    Bowen denies the allegations in Paragraph 842.

24   843.    Bowen denies the allegations in Paragraph 843.

25   844.    Bowen denies the allegations in Paragraph 844.

26   845.    Bowen denies the allegations in Paragraph 845.

27   846.    Bowen denies the allegations in Paragraph 846.

28

                                        BOWEN ANSWER TO WESTFAUL
                                        SECOND AMENDED COMPLAINT
                                        Case No.: 19-md-02913-WHO

1     847.    Bowen denies the allegations in Paragraph 847.

2     848.    Bowen denies the allegations in Paragraph 848.

3     849.    Bowen denies the allegations in Paragraph 849.

4     850.    Bowen denies the allegations in Paragraph 850.

5     851.    Bowen denies the allegations in Paragraph 851.

6     852.    Bowen denies the allegations in Paragraph 852.

7     853.    Bowen denies the allegations in Paragraph 853.

8     854.    Bowen denies the allegations and denies Plaintiff is entitled to the relief enumerated in

9 Paragraph 854 or any relief

10            **CAUSE OF ACTION III: NEGLIGENCE AGAINST ALTRIA**

11     855.    Bowen incorporates by reference his responses to each preceding and succeeding

12 paragraph as though set forth fully herein in response to Paragraph 855.

13     856.    Plaintiff does not bring this claim against Bowen and therefore no response is required

14 to Paragraph 856.

15     857.    Plaintiff does not bring this claim against Bowen and therefore no response is required

16 to Paragraph 857.

17     858.    Plaintiff does not bring this claim against Bowen and therefore no response is required

18 to Paragraph 858.

19     859.    Plaintiff does not bring this claim against Bowen and therefore no response is required

20 to Paragraph 859.

21     860.    Plaintiff does not bring this claim against Bowen and therefore no response is required

22 to Paragraph 860.

23     861.    Plaintiff does not bring this claim against Bowen and therefore no response is required

24 to Paragraph 861.

25     862.    Plaintiff does not bring this claim against Bowen and therefore no response is required

26 to Paragraph 862.

27

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

863. Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 863.

864. Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 864.

865. Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 865.

866. Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 866.

867. Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 867.

868. Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 868.

869. Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 869.

870. Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 870.

871. Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 871.

872. Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 872.

873. Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 873.

874. Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 874.

875. Plaintiff does not bring this claim against Bowen and therefore no response is required to Paragraph 875.

1    876.    Plaintiff does not bring this claim against Bowen and therefore no response is required
2    to Paragraph 876.

3    **CAUSE OF ACTION IV: NEGLIGENT MISREPRESENTATION AGAINST ALTRIA**

4    877.    Plaintiff does not bring this claim against Bowen and therefore no response is required
5    to Paragraph 877.

6    878.    Plaintiff does not bring this claim against Bowen and therefore no response is required
7    to Paragraph 878.

8    879.    Plaintiff does not bring this claim against Bowen and therefore no response is required
9    to Paragraph 879.

10   880.    Plaintiff does not bring this claim against Bowen and therefore no response is required
11   to Paragraph 880.

12   881.    Plaintiff does not bring this claim against Bowen and therefore no response is required
13   to Paragraph 881.

14   882.    Plaintiff does not bring this claim against Bowen and therefore no response is required
15   to Paragraph 882.

16   883.    Plaintiff does not bring this claim against Bowen and therefore no response is required
17   to Paragraph 883.

18   884.    Plaintiff does not bring this claim against Bowen and therefore no response is required
19   to Paragraph 884.

20   885.    Plaintiff does not bring this claim against Bowen and therefore no response is required
21   to Paragraph 885.

22   886.    Plaintiff does not bring this claim against Bowen and therefore no response is required
23   to Paragraph 886.

24   887.    Plaintiff does not bring this claim against Bowen and therefore no response is required
25   to Paragraph 887.

26   888.    Plaintiff does not bring this claim against Bowen and therefore no response is required
27   to Paragraph 888.

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    889.    Plaintiff does not bring this claim against Bowen and therefore no response is required
2    to Paragraph 889.

3    890.    Plaintiff does not bring this claim against Bowen and therefore no response is required
4    to Paragraph 890.

5    891.    Plaintiff does not bring this claim against Bowen and therefore no response is required
6    to Paragraph 891.

7                      **CAUSE OF ACTION V: FRAUD AGAINST ALL DEFENDANTS**

8    892.    Bowen incorporates by reference his responses to each preceding and succeeding
9    paragraph as though set forth fully herein in response to Paragraph 892.

10   893.    Bowen admits that Plaintiff purports to bring the causes of action in the Amended
11   Complaint, and denies the remaining allegations in Paragraph 893.

12   894.    Bowen denies the allegations in Paragraph 894.

13   895.    Bowen denies the allegations in Paragraph 895.

14   896.    Bowen denies the allegations in Paragraph 896.

15   897.    Bowen denies the allegations in Paragraph 897.

16   898.    Bowen denies the allegations in Paragraph 898.

17   899.    Bowen denies the allegations in Paragraph 899.

18   900.    Bowen denies the allegations in Paragraph 900.

19   901.    Bowen denies the allegations in Paragraph 901.

20   902.    Bowen denies the allegations in Paragraph 902.

21   903.    Bowen denies the allegations in Paragraph 903.

22   904.    Bowen denies the allegations in Paragraph 904.

23   905.    Bowen denies the allegations in Paragraph 905.

24   906.    Bowen denies the allegations in Paragraph 906.

25   907.    Bowen denies the allegations in Paragraph 907.

26   908.    Bowen denies that Plaintiff is entitled to the relief enumerated in Paragraph 908 or any
27   relief.

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1  **CAUSE OF ACTION VI: FRAUDULENT CONCEALMENT AGAINST ALL DEFENDANTS**

2      909.    Bowen incorporates by reference his responses to each preceding and succeeding

3  paragraph as though set forth fully herein in response to Paragraph 909.

4      910.    Bowen admits that Plaintiffs purports to bring the causes of action in the Amended

5  Complaint, and denies the remaining allegations in Paragraph 910.

6      911.    Bowen denies the allegations in Paragraph 911.

7      912.    Bowen denies the allegations in Paragraph 912.

8      913.    Bowen denies the allegations in Paragraph 913.

9      914.    Bowen denies the allegations in Paragraph 914.

10     915.    Bowen denies the allegations in Paragraph 915.

11     916.    Bowen denies the allegations in Paragraph 916.

12     917.    Bowen denies the allegations in Paragraph 917.

13     918.    Bowen denies the allegations in Paragraph 918.

14     919.    Bowen denies the allegations in Paragraph 919.

15     920.    Bowen denies the allegations in Paragraph 920.

16     921.    Bowen denies the allegations in Paragraph 921.

17     922.    Bowen denies the allegations in Paragraph 922.

18     923.    Bowen denies the allegations in Paragraph 923.

19     924.    Bowen denies the allegations in Paragraph 924.

20     925.    Bowen denies the allegations in Paragraph 925.

21     926.    Bowen denies the allegations in Paragraph 926.

22     927.    Bowen denies the allegations in Paragraph 927.

23     928.    Bowen denies that Plaintiff is entitled to the relief enumerated in Paragraph 928 or any

24  relief.

25  **CAUSE OF ACTION VII: CONSPIRACY TO COMMIT FRAUD AGAINST ALL**
26  **DEFENDANTS**

27     929.    Bowen incorporates by reference his responses to each preceding and succeeding

28  paragraph as though set forth fully herein in response to Paragraph 929.

1    930.    Bowen admits that Plaintiff purports to bring the causes of action in the Amended

2    Complaint, and denies the remaining allegations in Paragraph 930.

3    931.    Bowen denies the allegations in Paragraph 931.

4    932.    Bowen denies the allegations in Paragraph 932.

5    933.    Bowen denies the allegations in Paragraph 933.

6    934.    Bowen denies the allegations in Paragraph 934.

7    935.    Bowen denies the allegations in Paragraph 935.

8    936.    Bowen denies that Plaintiff is entitled to any relief in the Prayer for Relief as sought in

9    Paragraph 936.

10    937.    Bowen denies the allegations in Paragraph 937.

11    938.    Bowen denies the allegations in Paragraph 938.

12    939.    Bowen denies the allegations in Paragraph 939.

13    940.    Bowen denies the allegations in Paragraph 940.

14    941.    Bowen denies the allegations in Paragraph 941.

15    942.    Bowen denies the allegations in Paragraph 942.

16    943.    Bowen denies the allegations in Paragraph 943.

17    944.    Bowen denies the allegations in Paragraph 944.

18    945.    Bowen denies the allegations in Paragraph 945.

19    946.    Bowen denies the allegations in Paragraph 946.

20    947.    Bowen denies the allegations in Paragraph 947.

21    948.    Bowen denies the allegations in Paragraph 948.

22    949.    Bowen denies the allegations in Paragraph 949.

23    950.    Bowen denies the allegations in Paragraph 950.

24    951.    Bowen denies the allegations in Paragraph 951.

25    952.    Bowen denies the allegations in Paragraph 952.

26    953.    Bowen denies the allegations in Paragraph 953.

27    954.    Bowen denies the allegations in Paragraph 954.

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1    955.    Bowen denies the allegations in Paragraph 955.

2    956.    Bowen denies the allegations in Paragraph 956.

3    957.    Bowen denies the allegations in Paragraph 957.

4    958.    Bowen denies the allegations in Paragraph 958.

5    959.    Bowen denies the allegations in Paragraph 959.

6    960.    Bowen denies the allegations in Paragraph 960.

7    961.    Bowen denies the allegations in Paragraph 961.

8    962.    Bowen denies the allegations in Paragraph 962.

9    963.    Bowen denies the allegations in Paragraph 963.

10    964.    Bowen denies the allegations in Paragraph 964.

11    965.    Bowen denies the allegations in Paragraph 965.

12    966.    Bowen denies the allegations in Paragraph 966.

13    967.    Bowen denies the allegations in Paragraph 967.

14    968.    Bowen denies the allegations in Paragraph 968.

15    969.    Bowen denies the allegations in Paragraph 969.

16    970.    Bowen denies that Plaintiff is entitled to the relief enumerated in Paragraph 970 or any

17   relief.

18                    **TIMELINESS AND TOLLING OF STATUTE OF LIMITATIONS**

19    971.    Bowen denies the allegations in Paragraph 971.

20    972.    Bowen denies the allegations in Paragraph 972.

21    973.    Bowen denies the allegations in Paragraph 973.

22    974.    Bowen denies the allegations in Paragraph 974.

23                                        **DEFENSES**

24         Bowen hereby asserts the following separate and additional defenses.  By designating the

25   following defenses, Bowen neither admits nor acknowledges that he has the burden of proof or

26   persuasion with respect to any such defense.  Bowen also will rely on such other and further defenses

27

28

of which he may become aware during discovery and reserves the right to amend his Answer to assert such defenses.

## FIRST DEFENSE

*Lack of Personal Jurisdiction*.  Plaintiff cannot establish personal jurisdiction outside California for Bowen because of his insufficient contacts with the forum under any other state's long-arm statutes, and because the exercise of personal jurisdiction over Bowen outside California would violate the Due Process Clause of the Fourteenth Amendment.

## SECOND DEFENSE

*Lack of Standing*.  Plaintiff lacks standing to assert the causes of action set forth herein, obtain the relief requested herein, and/or base her claims in whole or in part on advertisements, marketing campaigns, or packaging that she did not see or observe.  Plaintiff testified that she does not recall seeing any specific JUUL advertisements before using JUUL.  Moreover, Plaintiff alleges causes of action relating to Defendants' alleged failure to age verify purchasers of JUUL products, but Plaintiff does not allege she ever successfully purchased products from JLI while under the legal purchasing age.

## THIRD DEFENSE

*Release*.  Plaintiff's claims arising from website purchases, are barred, in whole or in part, by the Terms & Conditions, including the release and waiver of claims, the indemnification, and the limitation of liability therein.  By using JLI's website on our about March 20, 2018, Plaintiff agreed "to indemnify, defend, and hold harmless" JLI's "officers and directors, from and against any and all claims, liabilities, damages, losses, obligations, costs or debt, expenses (including reasonable attorney's fees), regulatory penalties, and enforcement actions arising out of or in connection with" Plaintiff's "use and access to any JUUL Labs Products"; with Plaintiff's violations of JLI's Terms & Conditions or "any applicable law, rule, or regulation": or with "content" submitted by Plaintiff "including without limitation misleading, false, or inaccurate information."

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1

**FOURTH DEFENSE**

2      *Failure to State a Claim.*  Plaintiff fails to state a claim for which legal or equitable relief can

3  be granted.  Plaintiff lacks facts supporting all necessary elements of the claims for negligence,

4  negligent misrepresentation, and negligent failure to warn under the Mississippi Product Liability

5  Act, fraud, fraudulent concealment, and conspiracy to commit fraud.  Bowen never owed or breached

6  any duty to Plaintiff, caused any resulting injuries or harm, made any false statements or omissions,

7  nor did Plaintiff rely to her detriment upon any purported statement or omission by Bowen.  Bowen's

8  conduct was not the legal or proximate cause of the alleged injuries or damages incurred by Plaintiff.

9  Nor does Bowen meet the statutory definition of a "manufacturer," "seller," or "designer" under the

10  MPLA.

11

**FIFTH DEFENSE**

12      *Statute of Limitations and Repose.*  Plaintiff's claims are time-barred, in whole or in part, by

13  applicable statutes of limitations or repose to the extent she relies on conduct that occurred outside

14  the applicable statutory periods.  Plaintiff alleged that she first used JUUL products in January 2018

15  when she was 17 years old, and claims injuries by JUUL products as early as June 2018.  Plaintiff

16  turned 18 years old in May 22, 2018 and filed her complaint on October 1, 2020.

17

**SIXTH DEFENSE**

18      *Laches.*  Plaintiff's claims for equitable relief are barred, in whole or in part, by the doctrine

19  of laches.  Plaintiff waited too long to assert her claim in this case.  Because of Plaintiff's

20  unreasonable delay, Plaintiff no longer remembers the specific JLI marketing she saw, no longer has

21  receipts or other documentation regarding the specific JLI products she bought, and no longer has

22  possession of the JUUL products she has used, resulting in prejudice to Bowen's ability to defend

23  himself in this action.

24

**SEVENTH DEFENSE**

25      *Unclean Hands.*  Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean

26  hands, because she has engaged in inequitable, fraudulent, and other improper conduct.  JLI's

27  products were and continue to be age-restricted. Plaintiff nevertheless unlawfully obtained JLI's

28

products while underage through the use of deception, fraud, or other improper conduct.  Plaintiff knew she was required to be at least 21 years of age to purchase JLI's products online.  Before Plaintiff was at least 21 years of age, Plaintiff used another person's identity and misrepresented her own identity, age, and address, to attempt to induce JLI to sell Plaintiff its age-restricted products to her.

### EIGHTH DEFENSE

*Third-Party Fault*.  Plaintiff's claims and/or Plaintiff's damages must be reduced, in whole or in part, because the comparative fault of third parties cause or contributed to Plaintiff's alleged injuries.  Plaintiff used products containing nicotine or tobacco that were manufactured by companies other than JLI, including but not limited to: Joyetech, Bidi Stick, Puff Bar, Puff Plus Bar, Hyppe Bar, STIG, Hyde Bar, and unknown brands of combustible cigarettes. Additionally, third parties, including unknown vendors reselling JUUL products on eBay.com, retail stores and the Plaintiff's friends or family members, allegedly provided Plaintiff with JUUL products unlawfully.  Plaintiff's legal guardian has explicitly admitted that he allowed Plaintiff to use JLI's product while underage.  Plaintiff's sister also bought her JUUL products.

### NINTH DEFENSE

*Comparative Fault of Plaintiff*.  Plaintiff's claims are barred and/or Plaintiff's damages must be reduced, in whole or in part, because Plaintiff's alleged damages were caused by the comparative fault of the Plaintiff and/or others acting on the Plaintiff's behalf, including but not limited to the legal guardian or guardians of the Plaintiff.  Plaintiff was required to act with reasonable care for her safety and well-being. Plaintiff failed to act with such reasonable care, and that failure caused Plaintiff's alleged injuries. Plaintiff knew or should have known of the alleged risks associated with using JLI's products. Plaintiff acted negligently by: (a) voluntarily exposing Plaintiff to the aforementioned alleged risks; (b) using or allowing Plaintiff to use JLI's products while underage; (c) using JLI's product in an altered and/or modified condition; and/or (d) failing to exercise ordinary care under the circumstances in the use of JLI's product.  Plaintiff admitted that she saw nicotine warnings on JLI's products and emails, knew nicotine was addictive prior to using any JLI products,

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

and that she fraudulently misrepresented her identity and age in order to purchase the product while underage.

### TENTH DEFENSE

*Failure to Mitigate*.  Plaintiff has failed to take appropriate and necessary steps to mitigate any damages.  Plaintiff allegedly ceased using JUUL products and all other nicotine products for a period of three months beginning in August 2019, with the assistance of a nicotine-cessation aid.  Plaintiff alleges that she reinitiated nicotine use using non-JUUL products after that point in time rather than continue to use cessation aids.

### ELEVENTH DEFENSE

*Primary Jurisdiction*.  Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, which recognizes that federal agencies regulate the advertising and marketing of e-cigarettes.  Plaintiff's claims are barred and this Court should defer to the United States Food and Drug Administration ("FDA") and/or the United States Federal Trade Commission ("FTC"), in whole or in part, pursuant to the doctrines of abstention, exhaustion, and primary jurisdiction, as those agencies are vested with the jurisdiction to regulate the approval, advertising, and marketing of electronic cigarettes. At all relevant times, Bowen complied with applicable laws, regulations, standards, accepted industry practices, customs, and procedures, including but not limited to all applicable FDA and FTC regulations.

### TWELFTH DEFENSE

*First Amendment and Related Doctrines*.  Plaintiff's claims are barred, in whole or in part, by the U.S. and State constitution to the extent they are based on public statements, lobbying, or protected commercial speech.

### THIRTEENTH DEFENSE

*Lack of Notice*.  Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to provide Bowen with timely notice of the purported defect, breach of warranty, and/or unlawful conduct. At no time before filing his lawsuit did Plaintiff provide Bowen with notice of any alleged defect, breach of warranty, or unlawful conduct.

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FOURTEENTH DEFENSE

*Inherent Characteristics Defense / MISS. CODE ANN. § 11-1-63(b).*  Plaintiff's alleged injuries, if any, were purportedly caused by an inherent characteristic of the JUUL product that could not be eliminated without substantially compromising JUUL's usefulness. The inherent characteristic is recognized by the ordinary person with ordinary knowledge. JLI disclosed that its products contained nicotine and that nicotine is an addictive chemical. Plaintiff acknowledged she was aware nicotine was an addictive chemical before ever using JLI products, and that she knew JLI products contained nicotine before purchasing them.  Furthermore, Plaintiff used JUUL's website, which had warnings containing language that JUUL is for adults and nicotine is addictive, and required confirmation that she was of legal age.

### FIFTHTEENTH DEFENSE

*Speculative and Remote Injuries.*  Plaintiff's alleged injuries and damages, which include allegations of increased risk of certain health conditions, are insufficiently itemized and too speculative and remote from the alleged wrongful conduct.

### SIXTEENTH DEFENSE

*Bowen Acted in Good Faith.*  The alleged representations or statements on which Plaintiff grounds the claims in the Complaint were true and accurate at the time made and otherwise were made in good faith, with a reasonable belief as to their validity and accuracy and with a reasonable belief that all conduct was lawful.

### SEVENTEENTH DEFENSE

*Conformed with Law.*  Plaintiff's claims are barred, in whole or in part, to the extent that the challenged conduct by Bowen confirmed to all state and federal statutes, regulations and industry standards based upon the state of knowledge existing at the relevant time(s) alleged in the Complaint.

### EIGHTEENTH DEFENSE

*Preemption.*  Plaintiff's claims are barred, in whole or in part, because they are preempted or precluded by federal or state laws, regulations, and policies, including but not limited to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, the Family Smoking Prevention and Tobacco

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

Control Act, applicable state law including the Mississippi Product Liability Act,, or the policies of a public regulatory commission and/or legislative branch of the United States government or the government of Mississippi.

### NINETEENTH DEFENSE

*Assumption of the Risk/Miss. Code Ann. 11-1-63(d)*.  Plaintiff voluntarily accepted risks associated with using JLI's products that were known or reasonably knowable to the Plaintiff.  JLI disclosed that its products contained nicotine and that nicotine is an addictive chemical.  Plaintiff acknowledged she was aware nicotine was an addictive chemical before ever using JLI products, and that she knew JLI products contained nicotine before purchasing them.  Furthermore, Plaintiff used JUUL's website, which had warnings containing language that JUUL is for adults and nicotine is addictive, and required information that she was of legal age.

### TWENTIENTH DEFENSE

*Independent, Intervening, or Superseding Causation*.  If Plaintiff sustained any injuries or damages, they were the result of intervening or superseding events, factors, occurrences, or conditions which were not reasonably foreseeable and in no way caused by Bowen, and for which Bowen is not legally responsible, including but not limited to independently existing medical, personal, and/or behavioral issues, which include but are not limited to those set forth in the depositions taken in this matter, Plaintiff's medical records, and Plaintiff's discovery responses.

### TWENTY-FIRST DEFENSE

*State of the Art*.  Plaintiff may not recover from Bowen because the methods, standards, or techniques of designing, manufacturing, labeling and distributing the JUUL products at issue complied with and were in conformity with the generally recognized state of the art at the time the product was designed, manufactured, labeled, and distributed.

### TWENTY-SECOND DEFENSE

*Open and Obvious Danger/*MISS. CODE ANN. § 11-1-63(e).  Plaintiff's claims are barred, in whole or in part, because she should have known of the open and obvious dangers associated with e-cigarette use and nicotine consumption.  JLI disclosed that its products contained nicotine and that

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

nicotine is an addictive chemical.  Plaintiff knew or should have known of the risks associated with JUUL and nicotine use.  Plaintiff admitted that she saw nicotine warnings on JLI's products and emails, and knew nicotine was addictive prior to using any JLI products.

## TWENTY-THIRD DEFENSE

*Sufficient Corrective Action*.  Plaintiffs' claims are barred, in whole or in part, that any alleged misstatements or omissions in JUUL advertising or marketing materials were negated by JLI's corrective action, such as statements on packaging regarding the presence and addictive nature of nicotine.

## TWENTY-FOURTH DEFENSE

*Opinion*.  To the extent Plaintiff seeks to impose liability on Bowen for broad, general statements regarding the value or quality of products that were made to and reasonably understood by providers as opinion, such statements cannot constitute false representations as a matter of law.

## TWENTY-FIFTH DEFENSE

*Penalties Sought are Unconstitutional*.  Plaintiff's claims are barred, in whole or in part, because the punitive damages, statutory damages, or civil penalties sought would be in violation of safeguards provided by the United States Constitution and the State constitution. Bowen further incorporates all state limitations and caps on punitive damages, including Miss. Code Ann. §§ 11-1-65 and 11-1-60.

## TWENTY-SIXTH DEFENSE

*Contribution Among Joint Tortfeasors*.  Bowen denies liability but, should liability be found, he is entitled to apportionment of liability among the defendants and others.

## TWENTY-SEVENTH DEFENSE

*Recovery From Government Entities*.  Any verdict or judgment Plaintiff might recover should be reduced by amounts from any source, including recoveries by government entities, that have indemnified — or will in the future indemnify — Plaintiff in whole or in part for any past or future claimed economic loss.

78                    BOWEN ANSWER TO WESTFAUL
                      SECOND AMENDED COMPLAINT
                      Case No.: 19-md-02913-WHO

1

**TWENTY-EIGHTH DEFENSE**

2

*Cap on Recovery, Collateral Source*.  Plaintiff's alleged damages are barred, in whole or in

3

part, by Bowen's right to offset such damages in the amount recovered by Plaintiff with respect to the

4

same alleged injuries, or any other statutory or common law limitations on awards or caps on

5

recovery, , including on non-economic damages and those in Miss. Code Ann. §§ 11-1-65 and 11-1-

6

60.  Bowen is also entitled to have any damages that may be awarded to Plaintiff reduced by the

7

value of any benefit or payment to Plaintiff from any collateral source such as insurance and

8

settlements with other tortfeasors.

9

**TWENTY-NINTH DEFENSE**

10

*Principles of Equity*.  Numerous facts would render the imposition of injunctive relief, civil

11

penalties, or other remedies inequitable here, including, but not limited to, the good-faith reliance on

12

and interpretation of clinical data and medical literature, the absence of any intentional unlawful

13

conduct, the course of Plaintiffs' investigation and pursuit of these claims, and the good-faith reliance

14

on guidance for product communications published by the FDA.

15

**THIRTIETH DEFENSE**

16

*Duplicative Recovery*.  Plaintiff seeks duplicate or double recovery via its claims, contrary to

17

federal and state law.

18

**THIRTY-FIRST DEFENSE**

19

*Informal Guidance*.  To the extent that Plaintiff relies on letters or other informal guidance

20

from the FDA, such informal guidance cannot enlarge any regulatory duty on Bowen in the absence

21

of compliance by the FDA with the requirements of the Administrative Procedure Act, 5 U.S.C. §

22

551 *et seq*.

23

**THIRTY-SECOND DEFENSE**

24

*Arbitration*.  Plaintiff's claims are barred, in whole or in part, because Plaintiff agreed to

25

binding arbitration of any claims related to their purchase or use of JUUL products online, and has no

26

right to recovery outside of arbitration.

27

28

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO

**THIRTY-THIRD DEFENSE**

*Violation of Lexecon.*  In her Short-Form Complaint, Plaintiff designated the District of Mississippi as the "Designated Forum."  But in her First Amended Complaint, Plaintiff changed the forum to the Northern District of California in violation of the holding in *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) and 28 U.S.C. § 1407.

**PRAYER**

WHEREFORE, Bowen respectfully prays for the following relief from the Court:

1.   That the complaint be dismissed or that Plaintiff take nothing by this complaint;

2.   That judgment be entered in Bowen's favor;

3.   That he be awarded costs incurred in defending this action; and

4.   For all such further relief as the Court deems just and proper.

Dated:  September 29, 2021

BOERSCH & ILLOVSKY LLP
MARTHA A. BOERSCH
EUGENE ILLOVSKY
MATTHEW DIRKES
KEVIN CALIA
SHARON FRASE

_/s/Eugene Illovsky_____
Eugene Illovsky

Attorneys for
Defendant Adam Bowen

BOWEN ANSWER TO WESTFAUL
SECOND AMENDED COMPLAINT
Case No.: 19-md-02913-WHO